SOUTHERN RAILWAY CO. *v.* HENRY HUNTER.

RAILROADS.   *Trespasser.   Wilful injury by employe.   Flagman.*

> A railway company is liable in damages for injuries wilfully inflicted by its employe, a flagman, upon a trespasser by violently ejecting him from a rapidly moving train, when it appears in evidence that it was the duty of the employe to carry trespassers to the conductor, and, if he authorized it, to have the train stopped and put them off. *Railroad Co.* v. *Latham*, 72 Miss., 32, and *Williams* v. *Railroad Co.*, 19 So. Rep., 90, distinguished.

FROM the circuit court of Leflore county.

HON. F. A. MONTGOMERY, Judge.

The plaintiff, a negro boy fourteen years of age, endeavored to steal a ride on defendant's west bound passenger train. He was discovered by the flagman, who, with great violence, knocked him from the train while it was running at a high rate of speed. He lay upon the track where he fell, insensible for some hours, and was at length run over and seriously injured by defendant's east bound passenger train. He sued for damages, and the defendant, under the general issue, gave notice that it would prove that he was of sufficient mental capacity to commit a trespass, and was, in fact, a trespasser at the time of his ejection from the train; that the injury then inflicted, if any, was the act of an employe outside the line of his duty; and that he was a trespasser on defendant's track when struck by defendant's east bound train, and was guilty of contributory negligence.

On the trial of the action the flagman who knocked plaintiff from the train, was introduced as a witness by the defendant, and testified that when he found a trespasser on a train it was his duty to carry him to the conductor, and, if the conductor

so directed, to pull down the engineer, stop the train, and put him off.

The court below refused to grant a peremptory charge for the defendant, but, at defendant's instance, instructed the jury that, unless they believed, from the evidence, that the flagman, Gresham, acting under his employment by defendant, wantonly and wilfully struck the plaintiff and knocked him off a moving train of defendant, they should find for the defendant, although they might believe that plaintiff was afterwards struck and injured by a train of defendant.

On behalf of the plaintiff, the court instructed the jury to find for him if they believed that he was violently thrown from the train of defendant by the flagman, Gresham, while the same was in motion, and seriously injured.

There was a verdict for plaintiff in the sum of one thousand dollars, and the court, having overruled defendant's motion for a new trial, predicated of the court's action in refusing to grant defendant's request for a peremptory charge, and in granting the instruction asked by the plaintiff, this appeal was prosecuted.

*Yerger & Percy*, for the appellant.

The plaintiff's claim was not based on any negligence in the operation of the east bound train, which struck him while he was lying on the track, but upon the misconduct of the flagman, Gresham, in ejecting him violently from the west bound train while the same was in motion. This act of the flagman was clearly beyond his authority and without the line of his duty, and imposed no liability on the defendant. *Railroad Co.* v. *Latham*, 72 Miss., 32; *Williams* v. *Railroad Co.*, 19 So. Rep., 90.

*Coleman & Somerville*, for the appellees.

1. If the failure to include, in the single instruction for the plaintiff, the idea that the act of the flagman must have been within the line of his duty was erroneous, the error was cer-

tainly cured by the instruction granted for the defendant, which makes the plaintiff's recovery dependent on that fact.

2. There was no error in refusing defendant's request for a peremptory charge. It appears that it was the duty of the flagman who threw the plaintiff from the train to take physical possession of trespassers and carry them to the conductor, and to deal with them as the conductor might direct. If, in the discharge of this duty, he took charge of a supposed trespasser, and in violation of his duty to his master as well as to the individual, the courts will say *respondeat superior*, for, presumably, no tort will ever be committed if the instructions of the master are obeyed. *Richberger* v. *American Express Co.*, 73 Miss., 161. The cases of *Railroad Co.* v. *Latham*, 72 Miss., 32, and *Williams* v. *Railroad Co.*, 19 So. Rep., 90, are inapplicable to the facts of the present case.

WHITFIELD, J., delivered the opinion of the court.

It very clearly appears from the testimony of Gresham himself that he did have a duty to perform for the master in regard to trespassers found on the train, to wit: "To carry them to the conductor," and if the conductor told him to put them off, "to pull the engineer down, stop the train, and put them off." This fact, under the plaintiff's testimony as to what occurred, clearly distinguishes this case from the cases of *Railroad Co.* v. *Latham*, 72 Miss., 32, and *Williams* v. *Railroad Co.*, 19 So. Rep., 90.

*Affirmed.*