RUPERT WINN, by his Next Friend, v. KANSAS CITY BELT RAILWAY COMPANY, Appellant.

Division Two, November 13, 1912.

1. **PLEADING: Defective Statement of Cause of Action: No Demurrer: Appeal.** An appellant cannot, in view of Sec. 2119, R. S. 1909, complain of a defective statement of a cause of action to which he failed to demur in the trial court.

2. **JOINT TORTFEASORS: General Charge: Recovery Against One: Negligence.** Under a general charge of the common negligence of three, recovery may be had against the one defendant found guilty.

3. **NEGLIGENCE: Master and Servant: Jerking Boy from Moving Train: Question for Jury.** Where a flagman in the employ of defendant railroad forcibly jerked the plaintiff (a thirteen-year-old trespasser) from a ladder on the side of a moving freight car, thus depriving him of the power of protecting himself, and permitted him to fall under the train, the question of neligence was for the jury. [Following Brill v. Eddy, 115 Mo. 596, and distinguishing Lillis v. Railroad, 64 Mo. 464; Randolph v. Railroad, 129 Mo. App. 1, and Bolin v. Railroad, 108 Wis. 333.]

4. ———: ———: ———: **Scope of Employment.** A railroad is liable for the act of its crossing flagman who, having authority to prevent boys from boarding trains and while at his post engaged in the performance of his duty, pulled a boy from a ladder he had just mounted on a moving freight car and allowed him to fall beneath the train.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

AFFIRMED.

*M. A. Low, Paul E. Walker, Sebree, Conrad & Wendorff, W. F. Evans*, and *Sam B. Sebree* for appellant.

(1)   The court committed error in refusing to give the demurrer to the evidence, and the instruction in the nature of a demurrer to the evidence, for the reasons: (a) The act of the watchman in attempting to remove the plaintiff from the ladder on the car was not proven to be within the scope of his employment. Drolshagen v. Railroad, 186 Mo. 258; Sherman v. Railroad, 72 Mo. 62; Marcum v. Railroad, 139 Mo. App. 217; Farber v. Railroad, 32 Mo. App. 378.   (b) The burden was upon plaintiff to prove that the injury to him was occasioned by the negligence of the defendant, and this he failed to do. Bolin v. Railroad, 108 Wis. 333; Mugford v. Railroad, 173 Mass. 10; Lillis v. Railroad, 64 Mo. 464; Randolph v. Railroad, 129 Mo. App. 1.   (c) The plaintiff was a trespasser and his resistance contributed to cause him to fall

from the train. Hutchison on Carriers, Sec. 593; 1 Thompson Com. Law Neg., Secs. 206, 7, 8; Railroad v. Swope, 115 Ala. 287; Moore's Case, 38 S. C. 1; Railroad v. Gants, 38 Kan. 608; Hall v. Railroad, 15 Fed. 7. (d) The charge of negligence in the petition was a joint charge against three corporations, and there was a total failure of proof of any joint negligence. In such case as here shown, there being no pretense in the evidence of joint wrong or concurrent act by defendants producing injury to plaintiff, there is no separate liability of any defendant for its separate wrong, or tort. The proof failing, as it does, to show any joint, concurrent act or wrong, the defendant's demurrers to the evidence should have been sustained. Secs. 1734, 2772, 5431, R. S. 1909; Otrich v. Railroad, 154 Mo. App. 430; Laughlin v. Powder Co., 153 Mo. App. 508; Barton v. Barton, 119 Mo. App. 531; Timber Co. v. Railroad, 180 Mo. 463; Livesay v. Bank, 36 Colo. 526; Bank v. Reynier, 41 Pa. Sup. Ct. 1; 15 Ency. Pl. & Prac. 502; Howard v. Traction Co., 195 Pa. St. 391; Wiesh v. Traction Co., 200 Pa. St. 148; Railroad v. Eggman, 71 Ill. App. 42; Forsell v. Copper Co., 38 Mont. 403; Meyer v. Railroad, 120 Mo. App. 292; Hoxie v. Nadine, 123 Fed. 379; Nunnich v. Railroad, 203 Pa. St. 632. In the case made by the petition defendant would be entitled to contribute from the Terminal Company, but in the case submitted to the jury there could be no contribution. Laughlin v. Powder Co., 153 Mo. App. 508; Paddock v. Rice, 179 Mo. 480; Mulderig v. Railroad, 116 Mo. App. 655; Eaton & Prince Co. v. Trust Co., 123 Mo. App. 117; Hubbard v. Railroad, 173 Mo. 249; Denta v. Morrison, 160 Mo. 581; Bride v. Railroad, 192 Mo. 331; Stanley v. Railroad, 114 Mo. 623. (2) The court committed error in giving instruction 1 on the part of the plaintiff. This instruction leaves out of consideration the act of plaintiff in resisting the watchman, and also does not require a finding

that the watchman was within the scope of his employment in his effort to remove the plaintiff from the car. (3) The petition does not state a cause of action, in that it does not charge any negligence.

*A. F. Smith, Boyle & Howell, Joseph S. Brooks* and *Guthrie, Gamble & Street* for respondent.

(1) The act of the watchman in removing the plaintiff from the moving car was the act of the defendant. Haehl v. Railroad, 119 Mo. 325; Meade v. Railroad, 68 Mo. App. 92; Curtis v. Railroad, 99 Mo. App. 502; Boden v. Railroad, 108 Mo. App. 696; Compher v. Railroad, 127 Mo. App. 553; Brill v. Eddy, 115 Mo. 596; Knowles v. Bullene & Co., 71 Mo. App. 341; Houck v. Railroad, 116 Mo. App. 559; Garretzen v. Duenckel, 50 Mo. 104; O'Brien v. Railroad, 185 Mo. 263, 212 Mo. 59; Wahl v. Railroad, 203 Mo. 261; Barree v. Cape Girardeau, 197 Mo. 382; Chandler v. Gloyd, 217 Mo. 394. (2) Plaintiff sufficiently proved that his injuries were caused by the negligence of defendant. Railroad v. Hock, 66 Ill. 238; Brill v. Eddy, 115 Mo. 596; Kreuger v. Railroad, 84 Mo. App. 358; Johnson v. Railroad, 112 Ia. 639. (3) There was no proper issue nor evidence in this case that plaintiff caused his own injury by an unlawful resistance of an attempt to properly remove him from defendant's train. Railroad v. Shaw, 86 Fed. 865; Brill v. Eddy, 115 Mo. 596. (4) The fact that plaintiff charged that the defendants named in the petition, with another defendant, caused his injuries, does not invalidate his judgment against the appellant only. Railroad v. Noland, 75 Kan. 691; Fulwider v. Gas Co., 216 Mo. 582; Noble v. Kansas City, 95 Mo. App. 167; Chlanda v. Railroad, 213 Mo. 244; Wahl v. Transit Co., 203 Mo. 261; Augustus v. Railroad, 153 Mo. App. 572; Wiggin v. St. Louis, 135 Mo. 558; Weathers v. Railroad, 111 Mo. App. 315; Wills v. Railroad, 133

Mo. App. 625; Stoller v. Railroad, 200 Mo. 107; Moudy v. Railroad, 149 Mo. App. 413. (5) The court committed no error in giving instruction 1 on behalf of plaintiff. (a) There was no error in omitting in that instruction to submit the issue of contributory negligence on the part of plaintiff. There was no plea of contributory negligence in defendant's answer. There was no substantial evidence of contributory negligence on the part of plaintiff. The court gave an instruction, at defendant's request, submitting that issue, and therefore it was not necessary to submit it in plaintiff's instructions. Owens v. Railroad, 95 Mo. 169; Meily v. Railroad, 215 Mo. 567, 588; Underwood v. Railroad, 125 Mo. App. 490; Johnston v. Railroad, 150 Mo. App. 304. (b) The instruction properly submitted the issue of whether the watchman was acting within the scope of his authority. (6) Plaintiff's petition properly charged negligence on defendant's part. A general allegation of negligence is sufficient as against a plea that the petition does not state a cause of action. Conrad v. DeMontcourt, 138 Mo. 311; LeMay v. Railroad, 105 Mo. App. 361; Deiter v. Zbaren, 80 Mo. App. 612; Johnson v. Railroad, 104 Mo. App. 588; Baskett v. Railroad, 123 Mo. App. 725. On objection to the sufficiency of a petition first made in the appellate court, every intendment is indulged in favor of the sufficiency of the petition. Sharp v. Railroad, 213 Mo. 517; Bragg v. Railroad, 192 Mo. 331.

BLAIR, C.—This action was instituted in the circuit court of Jackson county by Rupert Winn, by next friend, against the Kansas City Belt Railway Company and the Kansas City Terminal Railway Company to recover damages for the loss of an arm and other injuries alleged to have resulted from defendants' negligence. At the close of his evidence plaintiff dismissed as to the Kansas City Terminal

Railway Company and subsequent proceedings resulted in a judgment against the Kansas City Belt Railway Company, from which judgment this appeal is prosecuted.

The count of the petition on which recovery was had charges, among other things, that "defendants and some other railway company were operating a moving train on the tracks and road of the defendants under and by virtue of a license, permit, lease or running arrangement, with or from said defendants" and "while plaintiff was riding on said moving train, which was running on the tracks and road of the defendants . . . and while he was standing in a position of safety on said train, the defendants, and said lessee railway company caused the plaintiff to be removed therefrom in such a manner that plaintiff fell or was thrown under said moving train and his right arm, etc., . . ,. Plaintiff says that the conduct of the defendants and said lessee railway company in removing and causing to be removed the plaintiff from said train under the circumstances was negligent. Wherefore," etc.

Appellant's answer was a general denial.

The injury occurred at Twentieth and Campbell streets in Kansas City, at which point appellant's road crosses Campbell street where a flagman or watchman was and long had been stationed. A freight train was proceeding westward along appellant's tracks and across Campbell street, when respondent, a thirteen year old boy, in the flagman's presence got upon the ladder at the side and near the end of one of the cars, and took a position with his feet in the stirrup and his hands grasping one of the rounds of the ladder. As this car passed over the crossing the evidence tends to show the flagman stepped up behind respondent, seized hold of the belt of his trousers at the back and pulled him from the car. At this juncture the flagman released his hold on the respondent

and the latter fell between the cars and upon or beside the rail and his right arm was caught and crushed beneath the wheels. The evidence tends to show the flagman was old and weak. The evidence showed it was the flagman's duty to keep boys from getting on trains at his crossing and that for years and in many instances he had exercised this authority. His own testimony is to this effect and is clearly susceptible of the further interpretation that his instructions were to see to it, generally, that no accidents happened at the crossing and that he did whatever in his judgment would "protect the situation better." Appellant's superintendent testified it was the flagman's duty to "warn and prevent boys getting on trains, if he could" and that the same instructions were given to all flagmen. For respondent one of appellant's former flagmen, in service in 1906, had testified the instructions were not to, permit persons to get on trains at crossings.

I. It is said no negligence is charged. In view of the failure to demur and the statutory provision (R. S. 1909, Sec. 2119) that after verdict the judgment thereon shall not be reversed "for the want of any allegation or averment on account of which omission a demurrer could have been maintained" nor "for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict," the objection comes too late. In the circumstances appellant cannot now complain of a defective *statement* of the cause of action.

II. The petition charges joint negligence but the evidence has no tendency to connect any save appellant with the injury and appellant's counsel earnestly insist this constitutes a total failure of proof. The argument is, in substance, that under a petition charging a *joint* tort, proof of a tort committed by one,

alone, is insufficient to authorize judgment against even the guilty defendant.

In Winslow v. Newlan, 45 Ill. l. c. 148, it was said that in actions of tort "it is a rule of practice, coeval with our system of jurisprudence, that a plaintiff may recover against as many, and only such, defendants as he proves to be guilty" and in Railroad v. Laird, 164 U. S. l. c. 400, it was said that since "in an action against joint tortfeasors recovery may be had against one, it follows that allegations alleging a joint relationship and the doing of negligent acts jointly are divisible, and that a recovery may be had where the proof establishes the connection of but one defendant with the acts averred." At common law "in actions *ex delicto* a joint liability need not be proved and consequently a misjoinder of defendants will not defeat a recovery." 15 Ency. Pl. and Prac., p. 583, and cases cited. To these authorities may be added: Tompkins v. Railroad, 66 Cal. 163; Railroad v. Thompson, 101 Ga. 26; Louisville, etc. R. R. v. Duvall, 40 Ind. 246; Matthews v. Railroad, 56 N. J. L. 34; Louisville, etc. R. R. v. Treadway, 143 Ind. l. c. 703; Krebs Hop Co. v. Taylor, 52 Ore. 627; Texas and Pacific Ry. v. Sheftall, 133 Fed. 722; Linquist v. Hodges, 248 Ill. l. c. 497; Firor v. Taylor, 116 Md. 69; Atlantic and Pacific Ry. v. Laird, 58 Fed. 760; Black on Judgments, Sec. 207; Dicey on Parties to Actions, pp. 431, 432; Cooley on Torts, 227 (156); Pomeroy's Code Remedies, p. 278 (Secs. 192, 291). That this rule has always been accepted in this State is evidenced by many decisions. [Noble v. Kansas City, 95 Mo. App. l. c. 172; Hunt v. Railroad, 89 Mo. 607; Kleiber v. Railroad, 107 Mo. 240; Wahl v. Transit Co., 203 Mo. 261; Wiggin v. St. Louis, 135 Mo. 558; Moudy v. Provision Co., 149 Mo. App. 413; Wills v. Railroad, 133 Mo. App. 625; Stotler v. Railroad, 200 Mo. l. c. 149, 150.] Certainly the statutes have not affected the principle, and Sec. 1734, R. S. 1909, which

is relied upon, relates to actions in which a joint lia-
bility exists, not to actions in which joint liability is
merely charged and does not exist. Besides, its pro-
visions are enabling and not restrictive. The cases
announcing the rule in actions on joint contracts are
not in point, the common law in such cases being
wholly different from that applicable in actions of
torts. Further, those cases have been overruled..
[Bagnell Tie & Timber Co. v. Railroad, 242 Mo. 11.]
In the other Missouri cases cited (Otrich v. Railroad,
154 Mo. App. 420, and Barton v. Barton, 119 Mo. App.
507) there had been a *joint recovery* and the courts
merely held that proof of a joint wrong was necessary
to uphold the joint judgment.

It has been pointed out (Cooley on Torts, supra)
that the rule in Pennsylvania is or was in some re-
spects somewhat different from that commonly ac-
cepted and it may be added that a like observation
would seem to apply to certain decisions of the courts
of Illinois. It appears now to be held, however, that
if two or more are joined and the proof shows but
one to be guilty, a dismissal as to those not involved,
*ipso facto,* no point being made at the trial, ordinarily
amounts to an amendment eliminating all allegations
save as to the remaining defendant and a judgment
against him alone will be sustained. [Sturzebecker
v. The Inland Co., 211 Pa. St. 156; Linquist v. Hodges,
248 Ill. 491.]

It is true there might arise a case in which the
admission of evidence against a defendant not liable
on the facts might be harmful to the defendant found
guilty, but no such question is in this case. The sole
question is whether, under a general charge of the
common negligence of three, recovery may be had
against the one defendant guilty. The decisions
in cases in which separate concurring acts, all neces-
sary to constitute a cause of action, were charged,
and those merely holding that a *joint recovery* can-

not be had under allegations of joint wrong, on proof
of separate unconnected torts by the several defend-
ants, as well as those in cases in which concert of ac-
tion is necessary to the existence of any cause of
action, are not applicable. The authorities are prac-
tically unanimous and the point is ruled against appel-
lant.

III. In the case of Brill v. Eddy, 115 Mo. 596, this
court had before it, so far as concerns the negligence
involved, facts strikingly like those in the present case.
It is unnecessary to say more than that, under the
rule then announced, the question of negligence was
for the jury. The cases cited in support of the con-
trary contention (Lillis v. Railroad, 64 Mo. 464; Ran-
dolph v. Railroad, 129 Mo. App. 1; Bolin, Admr., v.
Railroad, 108 Wis. 333) are beside the question. The
first two were actions to recover for injuries alleged
to have been inflicted by the use of excessive force in
ejecting from passenger trains persons who refused
to pay fare and the last discusses the rule applicable
when a trespasser is ordered off a slowly moving train
and, while in the possession of all his faculties and in
control of his own movements, is injured by his own
negligence.

In the case at bar the flagman forcibly jerked re-
spondent from the ladder which supported him. He
did not order respondent off the car and permit him to
exercise his judgment and control his own movements
in dismounting but took the matter into his own hands.
Having undertaken this and deprived respondent of
the power of protecting himself, he permitted him to
fall, dropped him, upon or near the rail and the injury
followed. What was said in Brill v. Eddy, supra, as
to the resistance offered by the boy when grasped, is
applicable here and is supported by authority else-
where. In that case it appeared the boy had no warn-
ing; in this it cannot, as a matter of law, be said the

boy knew he was suddenly to be grasped and pulled from the car. The difference, if any, can no more than affect the weight, not the legal effect, of the circumstance. It may be added there was no plea of contributory negligence, but the jury was instructed that if respondent's resistance, if any, to the flagman, materially contributed to the injury, the verdict should be for defendant.

IV. The flagman or watchman's act was clearly one for the results of which appellant is liable. His authority to prevent boys from getting on trains at his crossing was established by the superintendent whose duty it was to promulgate instructions to flagmen. It is an established fact, on this record. He was at his appointed station on the crossing engaged in the performance of his duty when respondent got upon the car ladder in his very presence and almost immediately was seized by him and pulled from the car. There is no hint in the evidence that the flagman was actuated by any possible motive other than the performance of his duty as the servant of appellant. In this state of things the fact that the instructions on this phase of the case are not so clear as they might have been is not sufficient ground for reversal. [Haehl v. Railroad, 119 Mo. 325; Southern Ry. v. Hunter, 74 Miss., 444.]

The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of Blair. C., is adopted as the opinion of the court. All the judges concur.