STATE OF MISSOURI at the relation of JAMES G. ANDERSON, Relator, v. J. D. HOSTETTER, WILLIAM DEE BECKER, and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—140 S. W. (2d) 21.

Court en Banc, May 7, 1940.

*Edward D'Arcy* and *James T. Blair, Jr.,* for relator.

*Wilbur C. Schwartz* and *Orville Richardson* for respondents.

252

HAYS, J.—Certiorari to review the decision of the respondent Judges of the St. Louis Court of Appeals in the case of James G. Anderson v. William L. Kraft, an action for damages growing out of a collision of motor vehicles and brought by the present relator as plaintiff. Upon trial in the Circuit Court of the City of St. Louis, plaintiff secured judgment for $5,000. Defendant appealed there-

from to the St. Louis Court of Appeals, which reversed and remanded. [129 S. W. (2d) 85.] Our writ was granted upon the alleged ground that the opinion and judgment of the Court of Appeals contravenes certain prior controlling decisions of this court to be hereafter noted.

The collision in question happened on U. S. Highway 40 near Kingdom City in Callaway County. Defendant, the owner and operator of a truck which was licensed by the Public Service Commission under the Motor Carriers' Act, was driving it along said highway in an easterly direction, when one of its dual wheels became detached and caused the truck to stop on the pavement. This occurred at about 3 o'clock in the morning. Plaintiff was riding in another automobile as a guest therein and was proceeding along the highway mentioned in an easterly direction. The car in which he was riding approached and drove into the back end of the defendant's trailer, plaintiff receiving personal injuries as the result of such collision.

The portion of plaintiff's petition in which he assigns negligence of the defendant is set out in the opinion of respondents and is as follows:

"The said defendant negligently and carelessly caused and permitted his said motor truck to be stopped or parked on the traveled portion of said highway, at or about the hour of half-past 3 o'clock in the morning of December 10, 1935, and contrary to the provisions of the statutes of the State of Missouri made and provided; that said defendant negligently and carelessly failed to give warning to travelers, and especially to said Rufus W. Royer, traveling on said highway, of the fact that said truck was stopped or parked on said highway; that defendant negligently and carelessly failed to light, and to keep lighted at all times while said truck was so parked or stopped on said highway, a flare or light placed at or about 200 feet in the rear of said motor truck on said highway as a warning to other travelers thereat, as provided and required by rule of the Public Service Commission of the State of Missouri; that defendant negligently and carelessly failed to provide light and have lights burning on said motor truck, and on the rear thereof, as provided by the statutes of the State of Missouri; and that said defendant negligently and carelessly failed to warn the said Rufus W. Royer, or the plaintiff, who was a passenger in the automobile of said Rufus W. Royer, at or before the time of said collision, that said motor truck was so stopped or parked on said highway."

In his case in chief plaintiff offered no evidence upon the question of whether or not defendant's truck could have been moved from the pavement or traveled portion of the highway. Defendant, in explaining how the accident happened, gave some testimony to the effect that his truck could not have been moved from the traveled portion of the highway. Plaintiff then offered evidence in rebuttal to the effect that the truck could have been moved. There was no objection

to such evidence by defendant. As to defendant's evidence on this point, respondents say in their opinion: [129 S. W. (2d) l. c. 91.]

"It is quite apparent that the testimony was given, not with the idea of refuting any such charge of negligence, but rather for the purpose of informing the jury of the complete chain of events leading up to the casualty itself, so that, with all such information in their possession, they could be put in a proper position to determine the negligence actually charged against defendant in the light of all of the surrounding facts and circumstances in the case."

At the close of all of the evidence in the case plaintiff requested and the trial court gave an instruction known as Plaintiff's Instruction No. 1. This instruction hypothesized the ultimate facts which the jury must find in order to return a verdict for the plaintiff. The portion of the instruction referring to the assignment of negligence here in dispute was as follows:

"If you find and believe from the evidence that . . . defendant negligently and carelessly stopped and parked his automobile truck on the traveled portion of said highway facing east, and if you further find and believe that said defendant could have driven or removed said truck off the traveled portion of said highway and could have parked said truck off the traveled portion of said highway, . . . then your verdict will be for the plaintiff."

To the giving of this instruction defendant excepted. In the Court of Appeals defendant contended that this instruction was broader than the assignment of negligence contained in the petition. To this the plaintiff countered with the argument that even though the court should consider the assignment in the petition insufficiently broad to cover the type of negligence so specified in the instruction, still evidence thereof came into the case without objection and the issues were thus broadened, and that since no affidavit of surprise under Section 817, R. S. Mo. 1929, was filed by the defendant, the petition should be taken as amended to conform to the proof. In ruling this point against the plaintiff respondents say: [129 S. W. (2d) l. c. 91.]

"Much uncertain language has frequently been employed by the courts in announcing the doctrine upon which plaintiff is now relying, and there are no doubt numerous cases to be found which tend in one way or another to support his contention. However, the true rule is, as we understand it, that where a petition was amendable, that is, where the omitted averment with respect to which the evidence was received could have been incorporated in the petition, had the pleader so requested, without having changed the cause of action attempted to be asserted therein, then any defect in the petition is waived, and after verdict the petition is to be taken as having been amended to conform to the evidence which came in without objection. [Congregation B'Nai Abraham v. Arky, 323 Mo. 776, 20 S. W. (2d) 899; Sawyer v. Wabash R. Co., 156 Mo. 468, 57 S. W. 108.] But though a petition

may be taken as amended where the circumstances warrant, the fundamental rule still is that the plaintiff's instructions cannot be broader than his petition, and that however broad a scope the evidence may take, and even though such evidence may come into the case without objection, an instruction will be held erroneous which submits an issue outside the cause of action stated in the petition. [State ex rel. Central Coal and Coke Co. v. Ellison, 270 Mo. 645, 195 S. W. 722; Kitchen v. Schlueter Mfg. Co., 323 Mo. 1179, 20 S. W. (2d) 676; Gandy v. St. Louis-San Francisco R. Co., 329 Mo. 459, 44 S. W. (2d) 634; Gary v. Averill, 321 Mo. 840, 12 S. W. (2d) 747.]

·''In the case at bar there was no basis in the petition for the submission of the question of whether defendant's truck could have been moved off of the pavement.''

The relator contends that in so ruling respondents have failed to follow the prior controlling decisions of this court in Talbert v. Chicago, R. I. & Pac. R. Co., 321 Mo. 1080, 15 S. W. (2d) 762 (decision by the court en banc); North Nishnabotna Drainage District v. Morgan, 323 Mo. 1, 18 S. W. (2d) 438; Lepchenski v. Railroad Co., 332 Mo. 194, 59 S. W. (2d) 610; Young v. Levine, 326 Mo. 593, 31 S. W. (2d) 978; and Harrison v. Slaton (Mo.), 49 S. W. (2d) 31. It is quite true that in a number of cases we have held, complying with the mandates of Sections 817 and 1099, R. S. Mo. 1929, that where a petition states a cause of action but is defective in some particular, through the omission of a required allegation which could have been inserted by amendment without changing the nature of the cause of action, and evidence is thereafter received sustaining such omitted allegation, no affidavit of surprise having been filed by the adverse party, the petition will be taken to have been amended to conform with the proof. [Lepchenski v. R. Co., supra; Young v. Levine, supra; Harrison v. Slaton, supra.]' But these cases are to be easily distinguished from one in which plaintiff, having alleged a certain definite basis for his cause of action, introduces, even without objection, evidence which tends to prove an entirely different cause of action. Under such circumstances we have held that the trial court is not authorized to submit·to the jury an issue raised by such evidence but foreign to the issue pleaded. [State ex rel. Central Coal & Coke Co. v. Ellison, supra; Kitchen v. Schlueter Mfg. Co., supra; Gandy v. St. Louis-San Francisco Ry. Co., supra; Degonia v. St. Louis, I. M. & S. Ry. Co., 224 Mo. 564, 123 S. W. 807; Waldhier v. Hannibal & ·St. J. Ry. Co., 71 Mo. 514.]

The principal reliance of relator is upon the Talbert case, supra. That case was twice before this court. It was an action for wrongful death, claimed to have been occasioned by defendant railroad company,the employer of the deceased. Plaintiff's original petition assigned as negligence only the failure of defendant to maintain its track between the rails in a ·safe condition. In his reply plaintiff

attempted to set up an additional assignment of negligence in the defective maintenance of a coupler. Evidence as to the negligence of the defendant in regard to the coupler went in without objection and the trial court instructed upon this issue. On appeal to this court we reversed and remanded, holding, among other things, that the instruction mentioned was improper, as being broader than the properly pleaded issues. After the remand, plaintiff amended his petition to plead both kinds of negligence. There was a new trial, again resulting in a verdict for the plaintiff and a second appeal to this court. Our first decision in the Talbert case, reported in 314 Mo. 352, 284 S. W. 499, directly sustains the position taken by the respondent judges in this case. The second opinion in the Talbert case, 321 Mo. 1080, 15 S. W. (2d) 762, criticizes the portion of the first opinion dealing with this instruction and uses the following language: [l. c. 1086.]

"The opinion also quotes from the Degonia case, 224 Mo. l. c. 589, where this is said: 'An instruction cannot be broader than the pleadings, although the evidence may take a wider range.' This is a general statement, altogether too broad, and, if unqualified, it wipes out Article VI, Chapter 12 (now Section 817, R. S. Mo. 1929), and also Section 1550, Revised Statutes 1919 (now Section 1099, R. S. Mo. 1929), which provides that when a verdict shall have been rendered the judgment thereon shall not be stayed . . . 'nor . . . be reversed . . . for omitting any allegation or averment, without proving which the triers of the issue ought not to have given such a verdict.' That statement in the Degonia case would reverse a judgment where a trial goes on to the end without objection that evidence offered is not within the pleading, and the trial court has no opportunity to make correction at the time the alleged error occurs.

"On the former trial of this case, so far as the record shows, no objection was offered to evidence to prove that the coupler was defective, on the ground that it was not pleaded in the petition. We think that the principle relied upon on the former trial should not be stated as it is without qualification."

It will be seen that the question of this instruction had completely passed out of the case before the second appeal, since the petition had been amended to cover the assignment of negligence there involved. Consequently what was said in the second Talbert case in regard to the giving of an instruction broader than the pleading, could have no possible bearing upon the decision of any question then before this court. It was purely *obiter dictum*. The Constitution requires the courts of appeal to follow our prior controlling decisions, [Const. Amend. 1884, Art. VI, Sec. 8, R. S. Mo. 1929, p. 120, 15 Mo. Stat. Ann., p. 656] but it does not require that they follow mere *dicta* of this court. Such expressions of opinion, not in anywise necessary for the actual decision of any question before the court, are

not controlling authorities in any sense, although they may at times have persuasive effect. [Compare City of Mountain View v. Farmers' Telephone Exchange Co., 294 Mo. 623, 1. c. 636, 243 S. W. 153.]

In the North Nishnabotna Drainage District case, supra, this court considered a condemnation proceeding in which the petition had not alleged that the damages due to the condemnee were decreased by special benefits to his land not taken by eminent domain. An instruction on the issue of special benefits was given by the trial court. The entire case had been tried without objection and by both parties on the theory of special benefits. We held that the instruction was warranted. But the matter of special benefits was not one which went to the essence of plaintiff's cause of action. In a condemnation suit plaintiff's action is based upon its right as a public or quasi public corporation to take land under the power of eminent domain and also the necessity for the taking of the land involved. The matter of special benefits is one which goes only to the extent of damages to be awarded to the landowner. While the case cites with approval the *dictum* in the second Talbert case, it is not a controlling authority and is certainly not the latest controlling authority on the point, since many of the cases previously cited herein were decided subsequently to it.

We, therefore, hold that the decision of the respondent judges on this point is in complete accord with our latest controlling decisions.

Relator now contends that the actual holding in the opinion under review is in conflict with certain of our decisions upon the ground that the instruction complained of was not in fact broader than the pleadings; that the portion of his petition which charges that defendant negligently permitted his truck to be parked on the traveled portion of the highway in violation of the statutes of the State of Missouri is to be taken as a charge of general negligence which, in the absence of a motion to make more definite and certain, was good, citing in this connection Warren v. American Car and Foundry Co., 327 Mo. 755, 38 S. W. (2d) 718; Span v. Jackson-Walker Coal & Mining Co., 322 Mo. 158, 16 S. W. (2d) 190; State ex rel. Hopkins v. Daues, 319 Mo. 733, 6 S. W. (2d) 893; Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S. W. (2d) 654; Winn v. Kansas City Belt Railway Co., 245 Mo. 406, 151 S. W. 98; and Hornsby v. Fisher, 85 S. W. (2d) 589. Those, however, were cases in which there was simply a general charge of negligence without an attempt to particularize the same. Whereas the allegation here in question is an attempt, although an abortive one, to allege negligence in the doing of a particular act. Furthermore, we have held that where a general charge of negligence is coupled with specific charges, as here, the specific charges take precedence and any question of a general allegation passes out of the case. [Beave v. St. Louis Transit Co., 212 Mo. 331, 111 S. W. 52; Richardson v. Kansas City Rys. Co., 288 Mo. 258, 231 S. W. 938.]

■ The relator contends that even though the allegations mentioned do not charge general negligence they do charge the particular act of negligence set out in the instruction complained of. He argues that the petition charges that the defendant's truck was negligently parked; that it could have been negligently parked only through a violation of Rule 56 of General Order 27 of the Missouri Public Service Commission, and that therefore his petition must be taken to have alleged a violation of such rule. But if he had intended to make such an assignment, it was incumbent upon him to allege the facts which constituted the violation and these facts consisted not only in the parking of his truck upon the highway but of the possibility of removing the same. The case is therefore differentiated from our former decisions cited by relator holding that a pleader need not anticipate and negative possible defenses. [Warren v. American Car and Foundry Co., supra; Span v. Jackson-Walker Coal and Mining Co., supra; and other similar cases.]

For the reasons stated we hold that the opinion of respondent judges does not in any of the particulars alleged by relator contravene our prior controlling decisions. It follows that our writ should be quashed. It is so ordered. All concur.