CHARLES W. CHAMBERLAIN v. MO.-ARK. COACH LINES, INC., a Corporation, Appellant.—No. 38360.—173 S. W. (2d) 57.

Division One, June 1, 1943.

Rehearing Denied, July 6, 1943.

*Cowgill & Popham, Hogsett, Trippe, Depping & Houts* for appellant.

*Frank O. Knight* and *Roger C. Slaughter* for respondent.

██ VAN .OSDOL, C.—This appeal is from a judgment in the sum of $10,000 for wrongful death of the wife of plaintiff. At about two o'clock in the morning of December 14, 1940, plaintiff, his wife, his small son, and his wife's brother, Elmer Allen, started to drive in plaintiff's automobile from Kansas City, Missouri, to Versailles, Missouri; plaintiff was driving and his wife was seated in the front seat on his right. When traveling eastwardly on United States Highway No. 50, at a point about eight miles east of the city limits of Kansas City, the automobile collided with the rear end of the defendant's bus No. 56. Plaintiff's wife was thrown forward and partially through the windshield of plaintiff's car, sustaining injuries of which she died on December 16, 1940. Plaintiff and his brother-in-law were also injured. The front of plaintiff's automobile was demolished and the left rear end of defendant's bus was damaged. The defendant is a motor carrier of passengers serving the points of Springfield and Kansas City, Missouri, and elsewhere.

The allegations of plaintiff's petition, material to questions herein involved, are as follows:

"Plaintiff further states that said collision and the death of his said wife were directly and proximately caused by the following negligent acts and omissions of the defendant through its servant, agent, and employee in charge of said bus as a driver:

"(a) Defendant negligently permitted said bus to stop or to move so slowly as to constitute a dangerous hazard to plaintiff's wife and other members of the public using the highway upon the main traveled portion of said highway.

"(b) Defendant negligently failed to have upon the rear of said bus lighted signal lamps or tail-lights or other lighted signals of any character, or if any signal lamps or other lights upon the rear of said bus were lighted, they were not plainly visible for a distance of 500 feet, or for any other distance, but were so dim and indiscernible as to create a dangerous hazard to persons traveling on the highway and overtaking said bus, including plaintiff's said wife. . . .

"(d) Defendant negligently undertook to drive and operate said bus upon the public highway in Jackson County, Missouri, when said bus was not in a reasonably safe condition, but when the same was in a defective and unsafe condition and that said condition was known to defendant, or that said bus had been in said condition for sufficient length of time so that defendant, in the exercise of ordinary care upon its part, could and should have known of said defective condition."

The defendant, appellant, assigns error in Instructions Numbers 1, 2 and 3 given by the court at the instance of plaintiff.

Instruction Number 1 directed the jury to find for plaintiff:

". . . if you further find that at said time and place the defendant, acting by and through its driver Hutcheson, negligently caused

and permitted defendant's bus #56 to stop on said highway, if he did, and if you further find from the evidence that said bus stopped wholly or partly on the main traveled portion of said highway, if so, by reason of its being in a defective and unsafe condition for travel upon said highway, if so, and that said defective and unsafe condition, if it was defective and unsafe, had been known to the defendant for a sufficient period of time so that defendant could and should in the exercise of ordinary care upon its part have prevented the said bus from being upon said highway, if so, or if you find from the evidence that defendant negligently failed to have mounted at the back, and directed to the rear of said bus, [59] at said time and place, any red light or lights then burning or lighted, and if you further find that as a direct and proximate result of said act or acts of defendant, . . . ''

Instruction Number 2 is as follows:

''The Court instructs the jury that if you find the issues in favor of the plaintiff, it then becomes your duty to assess a penalty of not less than $2,000.00 nor more than $10,000.00, in the discretion of the jury, against the defendant, and in favor of the plaintiff.''

Instruction Number 3 is as follows:

''The Court instructs the jury that the burden is upon the defendant to prove its charge that plaintiff was guilty of negligence and that such negligence contributed to cause the accident referred to in the evidence, by a preponderance of the credible evidence in the case, and if you find upon this issue that the evidence is evenly divided or preponderates in favor of the plaintiff, then you are instructed that the defendant has failed to establish its defense of contributory negligence, and in such event your finding as to this issue should be for the plaintiff.''

Defendant contends that the first alternative hypothesis of Instruction Number 1 is erroneous, in that the portion of the instruction which submits that ''the defendant, acting by and through its driver Hutcheson, negligently caused and permitted defendant's bus #56 to stop on said highway'' is an erroneous submission of general negligence; that the portion of the first alternative submission, ''by reason of its being in a defective and unsafe condition for travel,'' is erroneous, in that the stopping of the bus in a defective and unsafe condition is not in itself negligence, and in that the instruction submits no specific defect in the bus; and that there was no substantial evidence to support the submission of the stopping of the bus by reason of its ''being in a defective condition for travel'' known to defendant for a sufficient period of time for the defendant to have prevented the bus from being upon the highway.

Defendant further contends that Instruction Number 1 is erroneous in that it is broader than the allegations of the petition in submitting the negligence of *defendant* rather than the negligence of *defendant's*

*driver*, and that the error is especially prejudicial since by Instruction Number 2 the jury was authorized to find for the plaintiff for the penalty provided in Section 3652, R. S. 1939, Mo. R. S. A., sec. 3652. And plaintiff contends that Instruction Number 3 is erroneous in instructing the jury that the finding should be for plaintiff if the evidence upon the issue of contributory negligence was "evenly divided."

Plaintiff (respondent) urges, though the negligence charged in paragraph (d) of the petition (operating the bus upon the highway in a defective and unsafe condition) was properly submitted, yet if the contention of defendant relating to Instruction Number 1 be deemed valid, the portion of the first alternative hypothesis of Instruction Number 1, ". . . if you further find that . . . the defendant, acting by and through its driver Hutcheson, negligently caused and permitted defendant's bus #56 to stop on said highway . . . ," is confined to the negligence of defendant through its driver; that the submission of the stopping of the bus on the highway is a submission of negligence *per se*; and that the negligence charged in paragraph (d) of the petition and its submission in Instruction Number 1 is immaterial and may be disregarded. Plaintiff cites the case of Smith v. Producers Cold Storage Co. (Mo. App.), 128 S. W. (2d) 299, in which the court uses the following language, "Now, it is negligence to allow a motor vehicle to stand on the traveled portion of a highway and it is incumbent on the party so placing it there to show affirmatively that it was necessary for him to so do it at that time and place. 2 Blashfield Cyc. Automobile Law and Practice, Permanent Ed., pp. 322, 323." However, in that case, the evidence, taken in its most favorable light to the plaintiff, showed that defendant had no red light mounted at the back and directed toward the rear, thus violating the provisions of Section 8386, R. S. 1939, Mo. R. S. A., sec. 8386. See now, Laws Missouri, 1941, p. 438. Said the court, 128 S. W. 2d p. 308, ". . . the question as to whether defendant was negligent in leaving its truck on the highway, unconnected with the question of light, was not in the case . . . " In the case at bar the negligence charged in paragraph (b) of the petition (failure to have lights upon the rear of the bus), it is noted, was not submitted in the conjunctive in Instruction Number 1, but was submitted as another alternative of negligence. The plaintiff also cites the case of Cram v. Eveloff, 127 Fed. 2d 486, which [60] cites the Smith case, supra, with approval, but in that case "the defendant, without warning and without necessity, suddenly stopped his car on the paving, knowing that plaintiff's car was following him at a distance of about 100 feet." The evidence, viewed in the light most favorable to plaintiff, showed that defendant had failed to give a warning as required by sub-section (h), Section 8385, R. S. 1939, Mo. R. S. A., sec. 8385.

In the case of State ex rel. Anderson v. Hostetter, 346 Mo. 249, 140 S. W. 2d 21, this court held the following allegation of a petition to be a general charge of negligence, "The said defendant negligently and carelessly caused and permitted his said motor truck to be stopped or parked on the traveled portion of said highway, at or about the hour of half-past 3 o'clock in the morning of December 10, 1935, and contrary to the provisions of the statutes of the State of Missouri made and provided . . . "

[1] Since the portion of Instruction Number 1, ". . . defendant, acting by and through its driver Hutcheson, negligently caused and permitted defendant's bus #56 to stop on said highway . . . ," must be considered as submitting general negligence, it would be considered error to submit this portion of the instruction as a hypothesis for a finding for plaintiff without submitting the specific acts or omissions violative of positive law or arising from the circumstances shown in evidence which would constitute negligence in the stopping of the bus. Annin v. Jackson, 340 Mo. 331, 100 S. W. 2d 872. See also Allen v. Missouri Pac. Ry. Co. (Mo. Sup.), 294 S. W. 80, and cases therein cited.

The remaining portion of the first alternative hypothesis must be assumed as a submission of the specific acts or omissions which made the stopping of the bus negligent; that is, the bus was caused or permitted to be stopped by reason of its being in a defective and unsafe condition for travel, which defective and unsafe condition "had been known to the defendant for a sufficient period of time so that defendant could and should in the exercise of ordinary care upon its part have prevented the said bus from being upon said highway . . ." The instruction, therefore, submits that the specific negligence was in *not preventing the bus* (in its defective and unsafe condition for travel) *from being upon the highway,* which defective and unsafe condition for travel was known to defendant; and, we believe, the instruction does not submit negligence merely in the *stopping of the bus* on the highway. However, in this connection, and also in connection with the defendant's contention that the instruction does not submit a specific defect in the bus, we believe the defendant is not in a position to assert error in the giving of the instruction. The trial court at the instance of defendant gave Instruction D, which is in part as follows:

"The Court instructs the jury that the charge laid by plaintiff against defendant is one of negligence, claiming as a sole ground of recovery that defendant negligently allowed said bus to stand on the highway or was unlighted, as submitted in Instruction No. 1, and that said collision resulted directly therefrom. . . . "

By the use of this language with reference to Instruction Number 1 the defendant has adopted it, and has, in effect, explained and broadened the first alternative hypothesis of Instruction Number 1

to a submission of general negligence. See State ex rel. Anderson v. Hostettér, supra. It would seem that defendant should not be heard to make the complaint that the trial court erred in failing to submit negligence more specifically. 1 Raymond Missouri Instructions, sec. 207 at page 181; Consolidated School District No. 3 v. West Missouri Power Co., 329 Mo. 690, 46 S. W. 2d 174. See also Schaaf v. St. Louis Basket and Box Company, 151 Mo. App. (Springfield) 35, 131 S. W. 936, opinion adopted St. Louis Court of Appeals, 160 Mo. App. 598, 140 S. W. 1197.

■ Of the evidence tending to support the submission of the stopping of the bus by reason of its "being in a defective condition for travel" known to defendant for a sufficient period of time for the defendant to have prevented the bus from being upon the highway: U. S. Highway No. 50, at the scene of the accident, is a three-lane concrete pavement roadway 30 feet in width, and lies in a true east-west direction. The collision occurred about 100 feet east of a "dip" or valley and upon a gradual upward slope of the highway to the eastward. The early morning of December 14th was foggy and misty and the temperature was about twenty-one degrees above zero. There is evidence that the paving was icy, mist was freezing on windshields of motor cars, and it was quite foggy in places of low elevation.

■ On the preceding evening at seven o'clock defendant's driver, Clifford A. Hutcheson, driving bus #56, had left Kansas City with passengers destined to Springfield, but the bus stalled on a hill about one mile east of the city limits of Kansas City. The bus was backed down the hill to a filling station in that vicinity where the passengers were unloaded, and an ineffectual effort was made by the driver Hutcheson and others to start the motor. The bus was then towed to the garage of the Missouri-Pacific Transportation Company in Kansas City, where the motor was started after the fuel pump had been cleaned and "thawed out." Later, defendant's driver set out to "dead head" the bus to Springfield; it was on this trip that the collision occurred.

It was the testimony of plaintiff that as he passed through a low, foggy place in the roadway and started upgrade (approaching the place of collision) the lights of his automobile shone on the back of defendant's bus, which was then 35 to 40 feet away; that the bus was "sitting in the right lane off close to the edge. One of the wheels might have been off. Now, I wouldn't be positive about it, but it was in the right lane"; that it was "kind of brown looking"; and that he applied his brakes and tried to drive around the bus, but was unable to do so. Further, plaintiff and plaintiff's brother-in-law, Allen, testified that there were no lights then showing on the bus. There is evidence from which it can be inferred that the driver Hutcheson could have moved the bus further to the right and somewhat off the paved portion of the highway.

It was the testimony of the driver Hutcheson that the bus was not stopped on the highway, but was proceeding eastwardly at a speed of about thirty miles an hour with all lights burning when the automobile of plaintiff crashed into the bus from the rear. Hutcheson further testified that the bus was "all right" when he received it from another of defendant's drivers the preceding evening. Testimony was introduced by plaintiff tending to show that the motor trouble on the preceding evening was due to a defective fuel pump, a faulty carburetor, or a run-down battery; that the same trouble existed when the bus was driven to Kansas City after the collision, at which time it "spitted and sparted and it jerked to a certain extent," and the headlights were "yellowish type, comparatively weak." In returning to Kansas City after the collision the bus could be driven at a rate of speed of only 15 or 20 miles per hour, and in going up hills and inclines the driver "shifted quite a bit into low and it jerked."

We believe that this evidence substantially tends to show that the bus was in a defective and unsafe condition for travel upon the highway at the time and place of the collision, and that the jury was justified in finding that the defendant's driver was negligent in permitting the bus (in its defective and unsafe condition) to be upon the highway at that time and place, especially in view of the poor visibility due to darkness and storm.

Of the defendant's contentions that Instruction Number 1 is erroneous because broader than the allegations of the petition in submitting the negligence of *defendant* rather than the negligence of *defendant's driver*, and that the instruction in this respect was especially erroneous in conjunction with the submission of Instruction Number 2: The latter instruction, set out supra, instructs the jury, if the finding be for plaintiff, to assess a penalty under the provisions of Section 3652, R. S. 1939, Mo. R. S. A., sec. 3652. This section of our Statutes, authorizing the forfeiture and payment of the penalty in the section provided, in so far as it is directly applicable to this case is as follows:

"Whenever any person . . . shall die from any injury resulting or occasioned by the negligence . . . of any driver of any . . . automobile . . . whilst in charge of the same as a driver . . . ."

It is argued by plaintiff (respondent) that ". . . we think this was a perfectly proper submission under the evidence, for there is not one iota of evidence in this record concerning the defective condition of this bus that was known to anyone so far as the defendant was concerned except the driver." The defendant, however, contends that "Plaintiff's counsel argued to the jury 'a careful and prudent bus company would have pulled that old wreck out of service.' . . . A defective condition due to the age of the bus . . . was

more likely to have been known to defendant through its shop fore-
man or repairmen at Springfield than by the driver . . . '' No
objection was made by defendant to this argument of counsel for
plaintiff.

Though the defendant might be subjected to liability in compensa-
tory damages [62] under the provisions of Section 3654, R. S. 1939,
Mo. R. S. A., sec. 3654, for the wrongful death of plaintiff's wife oc-
casioned by defendant's negligence through the acts of any of its
officers, agents or servants, it is liable to plaintiff for the penalty as
provided in Section 3652, supra, only if the death of plaintiff's wife
(who was not a passenger) was occasioned by the negligence of de-
fendant's driver whilst in charge of the bus as a driver. Instruction
Number 1, considered apart from the other instructions given by the
trial court, is ambiguous and could have misled the jury into engaging
in speculation or conjecture on a possible negligent act or omission
of the officers, agents or servants of the defendant (other than the
driver) who may have been charged by the defendant with the duty
of supervision, inspection or repair of the vehicle, whereby the vehicle,
though known to them to be in a defective and unsafe condition for
travel, was permitted to be used upon the highway.

However, inasmuch as there is no evidence in the record of acts
or omissions of the officers, agents or servants of the defendant, other
than the driver, we should examine the instructions as a whole in the
light of the evidence to determine the question of whether or not the
giving of Instruction Number 1 in conjunction with Instruction Num-
ber 2 was prejudicially erroneous. Jenkins v. Missouri State Life
Ins. Co., 334 Mo. 941, 69 S. W. 2d 666; McDonald v. Kansas City
Gas Co., 332 Mo. 356, 59 S. W. 2d 37; Smith v. Southern Ill. and
Mo. Bridge Co., 326 Mo. 109, 30 S. W. 2d 1077; Bertke v. Hoffman,
330 Mo. 584, 50 S. W. 2d 107; Rugerri v. Mitchell Clay Mfg. Co.,
322 Mo. 737, 15 S. W. 2d 775. So, we again direct our attention to
Instruction D, given by the trial court at the instance of defendant.

Instruction D explains the submission in Instruction Number 1 by
limiting the negligence hypothesized in the submission of that in-
struction to omissions at the time and place of the collision; this, by
the use of the language ''allowed said bus to stand on the highway
or was unlighted.'' We may now see that the use of those words of
Instruction Number 1, ''have prevented the bus from being upon
said highway,'' was defined by the court at the instance of defendant
to be a submission of negligence in allowing the bus to stand on the
highway, and so the jury is limited to a consideration of those omis-
sions obtaining at the time and place of the collision. Since the sub-
mission in Instruction Number 1 was defined by Instruction D to be a
submission of negligence which could be found, under the evidence,
to be only that of defendant's driver, we believe that the submission
is not broader than the allegations of the petition, and further that

defendant was not prejudiced by directing the jury "if you find the issues in favor of plaintiff" to assess the penalty provided under Section 3652, supra.

The second alternative submission of Instruction Number 1 hypothesizes the negligent failure to have mounted at the back, and directed to the rear of the bus, at the time and place, any red light or lights then burning and lighted—negligence *per se*. Lowery v. Kansas City, 337 Mo. 47, 85 S. W. 2d 104; Smith v. Producers Cold Storage Co., supra; Section 8386, R. S. 1939, Mo. R. S. A., sec. 8386. This alternative submission also hypothesizes the negligent failure of *defendant*, but here also it seems clear, under the evidence, that the failure to have the bus lighted at that time and place could only be the nonfeasance of defendant's driver.

The use of the language in Instruction Number 3, ". . . and if you find upon this issue (contributory negligence) that the evidence is evenly divided . . . ," is technically erroneous. An instruction should not have the tendency to inform the jury that the preponderance of evidence is to be weighed by the number of witnesses testifying on either side of an issue. Preponderance of evidence is the greater weight of the credible evidence, that is, evidence tending to show the facts upon which a party's case or affirmative defense depends, which is more convincing to the triers of the fact as worthy of belief than that which is offered in opposition thereto. Lampe v. Franklin American Trust Co., 339 Mo. 361, 96 S. W. 2d 710. But, it is assumed that the jury read Instruction Number 3 in its entirety. The instruction informed the jury that the defendant had the burden of the proof of the issue of contributory negligence "by a preponderance of the credible evidence in the case"; no reference is made in the instruction to witnesses nor directly to their testimony. We believe the jury in arriving at their verdict must have necessarily weighed the *credible* evidence. We rule [63] that the instruction was not so faulty as to be misleading, and consequently that it was not prejudicially erroneous.

The judgment is affirmed. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.