O. P. BROWN, RESPONDENT, v. JULIA T. RAFFETY, APPELLANT.—136 S. W. (2d) 717.

Springfield Court of Appeals. February 15, 1940.

*McDowell & Craig* for appellant.

*Ashby & Banta* for respondent.

TATLOW, P. J.—As the respondent concedes that it is substantially correct, we will adopt the appellant's statement of the case.

This cause comes to this court on appeal from the Circuit Court of Mississippi County, Missouri. The appellant was the defendant in the lower court. The plaintiff's cause of action was based on damage done to his truck as a result of an accident.

On June 7, 1938, the accident involving the parties to this appeal occurred. The appellant, Julia T. Raffety, was driving her truck, and the respondent, O. P. Brown, was driving his truck at the time the accident occurred.

The evidence in the case is not lengthy, nor is it greatly in conflict. It shows that there is a gravel road running south from the town of Wyatt. At the edge of Wyatt, the road crosses a levee, and then continues straight, almost due south, through a rural part of the county. On the morning of the 7th of June, 1938, the appellant had started down this road going south from Wyatt. About a quarter of a mile after she crossed the levee she stopped on the right-hand side of the road, and was conversing there with someone. Her truck was off of the main part of the road and was headed south.

The respondent Brown had the job, so far as we are able to tell, of hauling WPA workers to and from their various jobs; he drove a new 1938 Ford truck. On this particular morning of June 7, 1938, Brown had picked up his usual load of WPA workers, consisting on this particular morning of about twenty-seven men. He was leaving Wyatt going south on the gravel road. As he crossed the levee at the edge of the town he saw, as he looked down the road ahead of him, Mrs. Raffety's truck stopped well on the right-hand side of the road. He continued to drive toward her, going in a southerly direction. As the thus approached her from the rear, he saw her start up in her truck and proceed slowly forward, and gradually pull toward the center of the road. She continued thus forward on the right-hand side of the center of the road about five or six miles per hour, until she reached a point where another road intersects the

one on which both parties were driving. At the point of intersection of the two highways, the appellant started to make a left turn onto the highway coming in from the east, and at the same time the respondent Brown attempted to pass her on the left. A collision occurred. The evidence shows that Brown recognized the truck when he first saw it as belonging to Mrs. Raffety; that he knew she farmed down this road to the left or east; that he sounded his horn, and that he was passing her at the point where her truck was crossing the intersecting highway. Other witnesses testified that Brown was passing the appellant at the point where her vehicle was crossing or entering the intersecting highway. There was no evidence to the contrary on this point.

The respondent recovered in the circuit court for the damage done to his truck and it is from that judgment that the appellant appeals.

The allegation of negligence in the amended petition is as follows:

". . . . That as plaintiff approached defendant's truck, defendant started up said truck and slowly proceeded down the road ahead of plaintiff on the right hand side thereof. That plaintiff continued to sound his horn at all times. That as plaintiff started to go around said motor truck driven by defendant, that defendant negligently and carelessly and unlawfully, without looking back or without giving any signal whatever, suddenly swerved to the left across said highway, for the purpose of entering a side road on the left side of said road, directly into the path of the motor truck driven by plaintiff, . . ."

The answer is a general denial and a plea of contributory negligence, alleging, among other things, that:

". . . , damages to plaintiff were directly contributed to by the negligence on the part of plaintiff . . . ; in failing to exercise the highest degree of care to keep a lookout for other vehicles which were using the Highway; in attempting to pass the Defendant's automobile from the rear at a point where one Highway intersects another; . . . ."

This plea of contributory negligence is based on the statute relating thereto. Hence, the sole question in the case is whether the respondent, by reason of his violation of the statute (Section 7777 (e), R. S. 1929), was guilty of contributory negligence. This statute, so far as applicable here, provides:

". . . , that no operator or driver shall pass a vehicle from the rear . . . while the vehicle is crossing an intersecting highway."

The appellant contends that, on the undisputed evidence, the respondent violated the statute *supra*; that such violation constituted contributory negligence *per se*, and, for this reason, the court erred in submitting the case to the jury, but should have directed a ver-

dict for the defendant as it was requested to do both at the close of the plaintiff's evidence and at the close of all of the evidence in the case.

On the other hand respondent contends that appellant was not crossing an intersecting highway but was making a left-hand turn to enter the intersecting highway, and, under such facts, the statute has no application for the reason that there is a distinction between *"turning* at an intersection and *crossing* an intersection", and that, when section 7777 (e), *supra,* is read in connection with section 7777 (j):

"An operator or driver intending to turn his vehicle to the left shall extend his arm at an angle below horizontal so that the same may be seen in the rear of his vehicle, and shall slow down and approach the intersecting highway so that the left side of his vehicle shall be as near as practicable to the center line of the highway along which he is proceeding before turning," and with other provisions, it becomes apparent that section 7777 (e) "was not made a law by the Legislature for the purpose of protecting the motorist who is being passed by the motorist in the rear, but others who might be endangered if the motorist in the rear should pass the one in front while the one in front is obstructing the view."

No authority, either in this State or elsewhere, has been cited dealing directly with this question, nor have we been able to find one. After giving the matter the most careful thought of which we are capable we have reached the conclusion that the court is not authorized to so limit the statute by construction. Whether or not respondent is correct in his interpretation of what the Legislature intended to say, the fact remains; that is not what the statute says. It is a remedial statute, *in pari materia* with section 7775, Revised Statutes, 1929, requiring the operator of every vehicle to "exercise the highest degree of care," and is to be read in connection with that statute.

Our Supreme Court, in dealing with a somewhat analogous statute, says (Wilson Co. v. Hartford Fire Ins. Co., 300 Mo. 1, l. c. 39):

". . . . The statutory provision (Sec. 1155, *supra*) that every action shall be prosecuted in the name of the real party in interest is clearly, in its general terms, inclusive of the beneficiary. . . ."

So, in the instant case, the general language of the statute clearly includes the appellant. It is not for the courts, but for the Legislature, to provide for those it desires to exclude from such general language. Hence, the court has no authority to amend the statute by judicial construction, even though it should be of the opinion that the statute, as so amended, would be more reasonable, and would, therefore, be a better statute than the one enacted by the Legislature.

In a case more in point in dealing with the motor vehicle act requiring the highest degree of care (section 7775 *supra*), our Supreme

Court has this to say (Gude v. Weick Bros. Undertaking Co., 17 S. W. (2d) 59, l. c. 60):

". . . . It is manifest that the statute itself does not prescribe any different degree of care on the part of the operator for different occasions and places or under different circumstances. It is made the duty of every person operating a motor vehicle to exercise the highest degree of care. Where? Everywhere on the highways. When? At all times, because no exceptions are authorized. The words 'so as not to endanger the property of another or the life or limb of any person' immediately follow the words 'at a rate of speed,' but they should likewise be held to apply to the words 'shall exercise the highest degree of care,' because the purpose of such requirement is to avoid such injury or death. The operator of a motor vehicle must exercise the highest degree of care so as not to injure any person, *whether such person is in the exercise of due care on his own part or not.* . . ." (Italics ours.)

That case was based on the humanitarian doctrine. The instant case is submissible, if at all, only on the theory of primary negligence, and not humanitarian negligence. Of course, unless the case is a humanitarian one, the statute does not protect a party crossing or entering an intersecting highway in the sense of giving such party a right of recovery for damages. On the other hand, there would seem to be no possible escape from the conclusion that the statute, by its general language and because of its apparent purpose to prevent injury to anyone coming within its general terms, does include such person whether such person is in the exercise of due care on his own part or not, to the extent of exempting him from paying damages to a party who is also violating the statute and whose violation contributed to the accident.

So far as we can see, there is no conflict between section 7777 (e) and section 7777 (j). Undoubtedly the appellant, in turning into an intersecting road immediately in front of the respondent, without putting out her hand as required in section 7777 (j), was guilty of primary negligence. On the other hand, respondent was also guilty of negligence in attempting to pass the appellant while she was crossing the highway or turning into the intersecting road, even though, before doing so, he sounded his horn. This, for the reason that, under the statute, he had no right to pass appellant at an intersection, even though he did sound his horn.

So far as we can see, the case of Egan v. Palmer, 293 S. W. 460, is not in point. It is true that, in discussing that case, the Kansas City Court of Appeals said:

". . . the statute is intended to protect drivers of vehicles and pedestrians traveling at intersections where the view is obstructed, . . . The statute must be given a reasonable construction and should not be interpreted so as to unnecessarily produce harsh and

unreasonable results or be construed so as to result in absurdity or impose unnecessary burdens and those not intended by the lawmakers. . . .'' [l. c. 463.]

We have no particular quarrel with the observation of the court in that case. However, it had very little to do with the case then before the court, and nothing to do with the case before us. What was actually decided in that case was that the statute did not apply because the operator of the motor vehicle there, was not trying to pass another car when the accident occurred.

The statute has recently been applied by our Supreme Court in favor of a pedestrian. [Hornsby v. Fisher, 85 S. W. (2d) 589.] This case cites the Egan case, *supra*.

We cannot agree with the respondent that section 7777 (e), *supra*, when applied according to its plain terms, would be unreasonable, for the reason that ''every highway, alley side road, or other public road that joins another is an intersecting highway.'' The section might also apply where the view of the operator of the vehicle passing another one is obstructed on account of the topography of the location. This court, whether right or wrong, has held that such conditions do not affect the rule of law applicable under the statute, but do affect the duty of the respective parties under the particular facts of the case. [Moore v. Fitzpatrick, 31 S. W. (2d) 590, l. c. 591.]

In the instant case the respondent was well acquainted with the locality and had actual knowledge of the intersecting highway. He also knew the appellant and knew that she lived in that neighborhood and would probably turn into the intersecting highway. Therefore, under such facts, it is our opinion that the statute applied to the respondent. Whether it would apply where the party seeking to pass did not know of the highway because it was obscured from view or was a mere side road with nothing to indicate its existence, or whether it would apply to all alleys in a city, we are not called upon to decide in this case, and hence do not attempt to do so. No such case is presented by the record here.

It seems quite plain to us that both of the parties in this case were violating the statute at the time of the accident. The accident would not have occurred if either of them had been obeying the statute prescribing their duty to exercise the highest degree of care. The law does not permit us to attempt to apportion the blame and determine which was most at fault. Unless it is a humanitarian case, there can be no recovery where both parties are guilty of concurring negligence in causing the injury, even though one might be more at fault than the other.

It is our opinion that, in this case, there is no right of recovery and the judgment of the trial court is reversed and the case remanded with directions to dismiss respondent's case and render judgment for the appellant for her costs. *Smith* and *Fulbright, JJ.*, concur.