[1] This is an appeal from a judgment in the amount of $2,310 rendered by the circuit court of Shelby County on the 23rd day of November, 1948, in favor of plaintiff (respondent) and against defendants (appellants) in an action for damages for personal injuries and property damage arising out of a collision which occurred on the 29th day of September, 1947, between a 1947 Chevrolet lime truck owned and driven by plaintiff and a 1942 Chevrolet truck owned by defendant J. Christy Moore and driven by defendant Jack Kincheloe. Judgment was entered in accordance with the verdict of the jury in favor of the plaintiff and against both defendants on plaintiff's petition and in favor of plaintiff and against defendant Moore on his counterclaim for property damage.
[2] The accident occurred on Shelby County Route M, a graveled highway twenty-four feet wide at a point about three miles west of Bethel in Shelby County. Defendant Moore was riding in the cab of his truck which was being driven by defendant Kincheloe in a westerly direction over Highway M between five and six o'clock in the afternoon on the date of the accident. They were traveling approximately twenty-five or thirty miles per hour and were approaching a point in said highway where it is intersected by a north-south country road upon which they intended to turn to the left or south. The highway at the point of the intersection is nearly level and straight except that to the east there is an upgrade extending for a distance of about five hundred feet. Plaintiff was driving his truck loaded with six tons of lime in a westerly direction following the defendants' truck at a distance of forty or fifty feet, and was traveling at the same speed as defendants.
[3] Plaintiff testified that as they approached the country road intersection, and after he had signaled his intention to overtake and pass defendants' truck, defendants' truck pulled over southwardly to "about south of the center of the traveled portion of the highway" and then pulled back over to the north just a little, and he (plaintiff) started to pass the defendants' truck on the left-hand side, and that defendants, without warning and without giving any signal of their intention so to do, drove their truck to the left across the center of the traveled portion of the highway and onto the south or left-hand side thereof, and into and against the right-hand side of plaintiff's truck.
[4] Both defendants testified that plaintiff failed to give any signal or warning of his intention to overtake defendants' truck and that plaintiff was attempting to pass defendants' truck while the same was entering *Page 840 
and crossing an intersecting highway; that at the time defendants' truck was on the right-hand side and near the center of the road, and was slowing its speed, and the driver thereof signaled with his left hand his intention to turn to the left on the intersecting highway which said trucks were then approaching.
[5] The evidence was not developed in a very satisfactory manner as to the exact location of the two trucks with relation to the center of Highway M, which they were traveling at the time of the collision. However, the gist of plaintiff's pleading and evidence was to the effect that he left the right-hand side of the road and proceeded to the left-hand side of the road in order to pass defendants' truck on the left-hand side and south of the center of Highway M, while the gist of defendants' evidence was that the Moore truck was never on the left-hand side of the center of Highway M.
[6] Other pertinent facts will appear in the course of the opinion.
[7] Defendants at the close of plaintiff's evidence and again at the close of all of the evidence in the case submitted their motions for a directed verdict on the theory that all of the evidence in the case and admissions of plaintiff showed a state of facts which under the law amounted to contributory negligence on the part of plaintiff, which would preclude plaintiff from any recovery. The motions were overruled.
[8] The main point stressed by appellants is that plaintiff's evidence precludes his recovery because it shows that plaintiff was guilty of contributory negligence as a matter of law. This contention of appellants is based upon Section 8385, R.S. 1939, Mo. R.S.A., the applicable parts of which are as follows:
[9] "Every person operating or driving a vehicle upon the highways of this state shall observe and comply with the following rules of the road:
* * * * * *
[10] "(e) An operator or driver of a vehicle overtaking another vehicle going in the same direction and desiring to pass the same shall pass to the left of the vehicle so overtaken: Provided, * * * that no operator or driver shall pass a vehicle * * * while the vehicle is crossing an intersecting highway. An operator or driver overtaking and desiring to pass a vehicle shall sound his signaling device and the operator or driver of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as reasonably possible to the right in order to allow free passage on the left of his vehicle. * * *
[11] "(f) All vehicles approaching an intersection on a highway, with the intention of turning thereat, shall in turning to the right keep to the right of the center of such intersection, and in turning to the left, shall run beyond the center of such intersection, passing to the right thereof, before turning such vehicle toward the left."
[12] Regardless of the negligence, if any, of the defendants, the plaintiff Purdy clearly violated the statutory rule that no operator or driver shall pass a vehicle while the vehicle is crossing an intersecting highway. Plaintiff seeks to excuse himself on two grounds, first, that although he was familiar with Highway M and this was his sixth round trip over it that day, he did not know that the crossroad he was approaching extended south of Highway M, and that he could not see that it did because it was overgrown with weeds and brush and could not be seen "until you got right up to it." Plaintiff in driving a motor vehicle on the highways was not only chargeable with what he actually saw and knew as to the location of cross highways, but he was chargeable with what he could or would have seen and known in the exercise of the highest degree of care on his part. It would be a strained construction of the statute if the driver of the motor vehicle could excuse a violation of the statute by saying he did not know the crossroad was there. The fact that he did know, as he says, that there was a road from the north, which entered the highway he was traveling, would at least put him on inquiry or warning that it might cross the highway and continue on south, and if he could not see and did not know, he should have slackened the speed of his truck so that he could stop it when he got close enough to see the road to the south. If plaintiff had been in the *Page 841 
exercise of the highest degree of care that a very careful man exercises, as was required of him, then under the circumstances he would have known that he was approaching an intersection, and that the country road crossed the highway he was traveling and continued to the south.
[13] The statute says in plain unambiguous words "that no operator or driver shall pass a vehicle * * * while the vehicle is crossing an intersecting highway." A driver who is in the exercise of the highest degree of care would see an intersecting highway forty feet wide, even if the side fence rows were overgrown with brush, in time to avoid passing another vehicle crossing such highway. Where to look would be to see, the failure to see would be a failure to use the highest degree of care. The crossroad was there before plaintiff to be seen, and his attempt to pass the Moore truck at the intersection was contributory negligence. Phillips v. Henson, 326 Mo. 282, 30 S.W.2d 1065; Davie v. Cape Yellow Cab Co., Mo.App., 191 S.W.2d 302, 306; 60 C.J.S., Motor Vehicles, § 353, page 840, "Duty to see what is apparent."
[14] The other ground on which plaintiff relies in order to escape the statute is that the actual impact between the two trucks occurred about twenty feet east of the intersection, and therefore he argues that he was not attempting to pass the Moore truck when it was "crossing an intersecting highway." It would also be a strained construction of the statute to say that it means the entire act of passing must take place within the immediate intersection in order to be a violation of the statutory rule. We agree with appellants' definition of the word "pass" as used in this statute, that is, it means to include from the time the vehicle desiring to pass turns to the left into the left traffic lane and then travels up to and beyond the vehicle to be passed, and continues on until the passing vehicle can return back to the right traffic lane.
[15] To construe the statute to mean that it only prohibits one motor vehicle leaving its lane of travel and passing another vehicle and then returning to its proper lane of travel, and do all of this within the limits of the intersection, would practically destroy the statute and be physically impossible.
[16] Section 8385 of the statutes has been before the courts for construction several times, but we are unable to find any adjudicated case involving the same or similar facts and the same questions as here presented. Appellants lay great stress on the case of Brown v. Raffety, 234 Mo.App. 620, 136 S.W.2d 717. The facts are so different in that case from the facts in this case that it is of little value as an authority in this case. In that case the plaintiff was well acquainted with the locality and had actual knowledge of the intersecting highway, and the court expressly pointed out that it was not attempting to say whether the statute would apply in a case where the party seeking to pass did not know of the highway because it was obstructed from view or was a mere side road with nothing to indicate its existence. However, that case correctly holds that what is now Section 8385 is in pari materia with Section 8383, requiring the operator of every vehicle to exercise the highest degree of care in operating the same on the highways of the State, and the two sections are to be read together.
[17] It would seem from a careful consideration of the evidence in this case that neither party was paying much heed to the rules of the road as required by Section 8385, in that plaintiff was attempting to pass defendants' truck at an intersection, and defendants were attempting to take a short cut and turn towards the south road without proceeding past the center of the intersection before turning. However, we cannot convict defendants of contributory negligence as a matter of law, because the evidence was disputed as to whether defendants' truck turned south into the lefthand lane of the road before the collision. There being evidence both ways on that question it was for the jury to decide. The jury did decide and their verdict was against the defendants not only as to plaintiff's cause of action but also as to defendant Moore's counterclaim. *Page 842 
[18] Defendant Moore contends that plaintiff not being entitled to recover, the judgment should be reversed outright so far as being in favor of plaintiff on his cause of action, and should be reversed and remanded for a new trial so far as being in favor of plaintiff on defendant Moore's counterclaim. We do not so view the case. The appellate court is bound by the jury's verdict on the counterclaim unless there be error in the trial of the case. Appellant Moore complains of error in that witness Ferguson, who was at the scene of the accident shortly after it occurred, was permitted to say that there was an odor of alcohol about Kincheloe when he talked to him. Later on cross-examination Kincheloe testified without objection that he had drunk a bottle of beer earlier that evening. Neither witness Ferguson nor anyone else said that Kincheloe was under the influence of liquor. Under the circumstances the testimony was immaterial but not prejudicial to defendant Moore's counterclaim.
[19] Defendant Moore also complains of the testimony of witness Ferguson as to skid marks he saw on the road. The witness was not permitted to express his opinion as to the marks or tracks he saw, but merely to tell what he observed as to where such marks were on the roadway. Such evidence was not prejudicial to defendant Moore's counterclaim.
[20] The jury were fully instructed on the issue of the counterclaim. Complaint is made by appellants of the court's refusal to give their requested instruction No. 8, to the effect that if plaintiff attempted to pass defendants' truck at a time when he could not completely pass the same before it entered the intersection, then plaintiff was guilty of negligence. This is a correct abstract statement of the law, but we think it was fully covered by defendants' given instruction No. 4 which was to the same effect. Defendants' instruction No. 9 was erroneous and properly refused, because it stated that it was admitted that the left side of the Moore truck was as near as practicable to the center line of the highway he was proceeding on and that both defendants were free of any negligence in that respect. There was no such admission. To the contrary, plaintiff testified that the Moore truck hit his truck when it was "plumb over on the edge of the ditch." Defendants' refused instruction No. 10 was erroneous in that it totally ignored the issue of contributory negligence on the part of defendants. Furthermore, it assumed that defendants' truck was turned to the left but not south of the center line of the road, without requiring the jury to so find.
[21] The judgment should be reversed in so far as it is for plaintiff on his cause of action, and affirmed in so far as it is in favor of plaintiff on defendant Moore's counterclaim. It is so ordered.
[22] ANDERSON, P. J. and McCULLEN, J. concur.