Sylvia BUNCH, Respondent,

v.

B. B. WAGNER and Jack Powell, Appellants.

No. 7306.

Springfield Court of Appeals.

Missouri.

Jan. 24, 1955.

Ward & Reeves, Caruthersville, for appellants.

Joslyn & Joslyn, Charleston, for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment in favor of plaintiff, Sylvia Bunch, for $5,000 damages sustained in an automobile accident. Cause was dismissed as to plaintiff, William Bunch.

The suit was for personal injuries sustained by plaintiff when the car, driven by her husband, collided with a truck owned by defendant-Powell and operated by his employee, defendant-Wagner, about a block and a half east of the village of Bertrand on U. S. Highway 60, while said truck was parked on the north side of the highway, with front end extending out near the center line thereof, at about 7:00 o'clock P.M., Saturday, September 18, 1950.

The cause of action was based upon two grounds of primary negligence: "a. In parking said truck on the highway in such a manner as to totally obstruct the north half of said highway and the shoulder adjacent thereto.

"b. In parking said truck on the highway in such a manner as to totally obstruct the north half of said highway and the shoulder adjacent thereto at a time more than thirty minutes after sunset, without having a white light visible from a distance of five hundred feet west of where said truck was parked, and a red "light visible from a distance five hundred feet east of where said truck was parked."

The cause was transferred by change of venue to Butler County and tried by jury September 21, 1953, resulting in a verdict and judgment for plaintiff, Sylvia Bunch, for $5,000. Defendants appealed.

The evidence necessary for a decision of the issues involved is undisputed. It showed William Bunch and his wife, Sylvia Bunch, a guest, were going west on U. S. Highway 60 from Charleston to Sikeston, Missouri; that about six miles west of Charleston, near the east side of Bertrand, they collided with defendants' two-ton Ford truck parked on the north side of the highway with the rear end in the north road ditch and the front end extending south

across the highway to about two or three feet of the center thereof, blocking the north bound traffic, going west. It was dark, about 7:00 P.M., September 18, 1950. The testimony showed that defendants' truck had the tail lights burning but they were in the ditch pointing north, the parking, cab and head lights were lighted on front of the truck shining to the south, but, at the time of collision, there were no lights on the truck shining to the east which could be observed 500 feet by plaintiffs as they approached. Plaintiffs' testimony is that, as they approached the place of collision, they observed no lights and could not see the truck until within about 50 feet thereof; that their speed was about 30 or 35 miles an hour; that the brakes were applied but did no good. They testified they were meeting a car driven by Mr. Gaty, coming east at place of collision; that they thought they could go between the truck and car but could not; that their car struck the front end of the truck spinning the rear end around to the south striking the rear of the Gaty car, injuring Sylvia Bunch.

In our opinion we will refer to appellants as defendants and respondent as plaintiff.

Defendants' first allegation of error complains of the giving of instruction No. 1 which directed a verdict against defendants upon the finding that the defendants' truck was not displaying a red light visible for a distance of five hundred feet and directed toward the direction from which plaintiff was coming for the reason that it imposed a greater duty and burden upon the defendants than required by law.

The language of Section 304.450 RSMo 1949, V.A.M.S., a violation of which by defendants is relied upon by plaintiff to establish negligence of defendants requires, for the purpose of revealing the position of a motor vehicle while on the highway, whether parked or stopped, during the period when lighted lamps are required, to be equipped with one or more lamps which shall exhibit a white light on the traffic side visible for a distance of five hundred feet to the front of such vehicle and a red light

visible for a distance of five hundred feet to the rear.

In plaintiff's argument, on page 8, she states: "The questioned instruction required a finding that the red light be so placed as to be visible for a distance of five hundred feet *from the direction from which respondent was coming*".

It is needless to set out the instruction because there is no other issue raised than that part of it which says, *"and said truck was not displaying a red light visible for a distance of 500 feet and directed toward the direction from which this plaintiff was coming."* (Emphasis ours.)

This was a verdict-directing instruction and it failed to follow the language of the statute with reference to the tail-light. Such an instruction was held error in McGrory v. Thurnau, Mo.App., 84 S.W.2d 147, 149. In this case the negligence relied on was a violation of a similar statute to the one here under consideration. The instruction required the jury to find the defendant negligent if his automobile was not equipped with a red light " 'on the lefthand side of the rear of said automobile' ", whereas the statute merely requires that the automobile " 'shall display * * * one red light mounted at the back and directed to the rear' ".

 The statute must be given the plain and clear meaning expressed therein. It cannot be said that it was the intention of the legislature to require a truck to be equipped with a tail light directed in any other manner than to the rear.

Parking a truck across a much traveled highway, as in the instant case, may constitute negligence, and, a duty might arise to warn approaching traffic of such a violation. However, instruction No. 1 depends solely upon the violation of the statute to constitute negligence and we hold that the instruction does not properly present the issue to the jury and is error.

Plaintiff cites Purdy v. Moore, Mo.App., 224 S.W.2d 838. The question involved in this action was in determining the applicability of statute prohibiting operator of motor vehicle from passing another motor vehicle while crossing an intersection. It, in no way, touches the issues involved in the instant case.

Brown v. Raffety, 234 Mo.App. 620, 136 S.W.2d 717, decided by this court, also passed upon the question of negligence arising where one motor vehicle undertook to pass another at an intersecting highway. It held that the violation of the statute constitutes negligence as a matter of law.

Smith v. Producers Cold Storage Co., Mo.App., 128 S.W.2d 299, 304, is cited. This case holds that proof that defendant violated a statute requiring display of tail lights constitutes negligence per se. On page 303 of the opinion the court stated:

"The statute, section 7778, Mo.St.Ann. p. 5222, requires to be displayed upon all motor vehicles in operation or resting upon the highway, one red light, mounted at the back and directed toward the rear."

This holding is contrary to plaintiff's contention.

Plaintiff contends, under point 1 of her brief, that defendants cannot complain of the error, if any, in instruction No. 1 because they adopted the theory of said instruction in instructions numbered 5, 6, and 7, given at defendants' request.

To support this contention Raymond on Instructions, Vol. 1, p. 180, Sec. 207, note 77, is cited.

Section 207 states: "Error common to the instructions of both parties does not constitute reversible error. One party in a case cannot complain or take advantage of erroneous instructions given for his adversary when his own instructions contain the same erroneous theory of the law. * * *

"A party will not be heard to complain of his adversary's instruction where his own instructions specifically refer to or adopt such instruction of his adversary. * * *"

Note 77 cites Consolidated School Dist. No. 3 of Grain Valley v. West Missouri Power Co., 329 Mo. 690, 46 S.W.2d 174.

In this case, on a motion for rehearing on page 181 of the opinion, the court made this statement: " * * * Furthermore, defendant in its instructions 12 and 13 by specific reference to this instruction adopted the same theory of submission, and it is not now in position to urge that it was erroneous. * * *" (See cases cited.)

Chamberlain v. Missouri-Arkansas Coach Lines, Inc., 351 Mo. 203, 173 S.W.2d 57 is cited. In this case, on page 60, the court stated that plaintiff's instruction 1 failed to submit negligence by stating that the bus merely stopped on the highway, and stated:

" * * * However, in this connection, and also in connection with the defendant's contention that the instruction does not submit a specific defect in the bus, we believe the defendant is not in a position to assert error in the giving of the instruction. The trial court at the instance of defendant gave Instruction D, which is in part as follows: 'The Court instructs the jury that the charge laid by plaintiff against defendant is one of negligence, claiming as a sole ground of recovery that defendant negligently allowed said bus to stand on the highway or was unlighted, as submitted in Instruction No. 1, and that said collision resulted directly therefrom. * * *'

"By the use of this language with reference to Instruction No. 1 the defendant has adopted it, and has, in effect, explained and broadened the first alternative hypothesis of Instruction No. 1 to a submission of general negligence. * * * It would seem that defendant should not be heard to make the complaint that the trial court erred in failing to submit negligence more specifically. * * *" (See authorities cited.)

■ The same law was declared in Ferguson v. Betterton, Mo., 270 S.W.2d 756. All of the authorities cited by plaintiff are founded upon the well-recognized law that a party cannot complain of error in his opponent's instruction which is common to his own.

Instructions 5, 6, and 7, given on behalf of defendants, are sole cause instructions.

Instruction No. 5 tells the jury "that if you find and believe from the evidence that William Bunch saw, or by the exercise of the highest degree of care could have seen, the defendants truck upon the highway, in time thereafter, with the means and appliances at hand and with safety to himself, his wife, his car and others on the highway, to have stopped his car or slackened his speed thereof, or could have swerved same, and could have thereby avoided colliding "with defendants' truck, but negligently failed to do so; and if you further find that such negligence, if any, of the said William Bunch was the sole cause of the collision, and that the defendant Wagner was not guilty of any negligence, as set out in other instructions, then your verdict must be in favor of the defendants and against the plaintiff."

Instruction No. 6 instructed the jury that if they found and believed from the evidence that the Bunch car swerved to the left and collided with the Gaty car which caused the Bunch car to collide with defendants' truck and if they further found that the collision with the Gaty car was negligence on the part of William Bunch, and that such negligence was the sole cause of the collision, and that the defendants were not guilty of any negligence, as set out in other instructions, their verdict should be for defendants.

Instruction No. 7 states that if the jury find that defendant-Wagner was not guilty of any negligence as set out in other instructions, their verdict should be for the defendants.

So, it will be observed that the only reference to plaintiff's instruction No. 1 in defendants' sole cause instructions is, "that the defendants were not guilty of any negligence, as set out in other instructions." Nowhere did defendants adopt the theory of negligence as contained in plaintiff's instruction No. 1. The sole cause instruc-

tions, offered by defendants, dealt with the manner in which the car, in which plaintiff was riding as a guest, was operated, which defendants claimed was the sole cause of the collision, it was not dealing with the manner in which defendants' truck was parked.

In Kelly v. Lahey, Mo.App., 232 S.W.2d 177, 180, 'the court stated this law:

"The situation in the case under consideration is not similar to those of the cases cited for here the whole cause was submitted to the jury on an erroneous theory of law. The defendant objected to the instruction for the plaintiff and apparently made known his reason. After doing this he offered a converse instruction to the one the court had indicated it was going to give. Under such circumstances the rule of waiver does not apply.

"In the case of Millhouser v. Kansas City Public Service Co., 331 Mo. 933, 55 S.W.2d 673, loc. cit. 676, our Supreme Court after stating the rule said: 'Such rule, however, should be applied with discretion. The underlying reason of the rule is that one party cannot predicate error on an instruction declaring a theory of law which he himself has adopted and invited and induced the court and his adversary to adopt. It is sort of a judicial set-off of one error against a similar error, or more properly applied when the court finds that both parties have used or tried to use the same erroneous view of the law to his own advantage, in which case this court will not aid either party, but will leave them where they have put themselves.' "

■ We hold, as did the Supreme Court in the above case, that there is nothing in the instant case to indicate that defendants sought to use the erroneous view of law to their own advantage and the errors complained of were not waived.

In Cantwell v. Zook, Mo., 250 S.W.2d 980, 982, the law is stated:

"The rule is, of course, widely recognized that a party will not be heard to complain of error in his opponent's instruction which is common to his own. However, it has no application here. Instructions 3 and 4 dealt with entirely different issues, and were patterned after many which have met with the approval of our appellate courts."

So, in the instant case, the sole cause instructions offered by defendants dealt with entirely different issues and were patterned after many which have met with the approval of our appellate courts. We find against plaintiff on this contention.

Defendants' allegation of error numbered 2 complains of the court's action in permitting Dr. Harwell, witness for plaintiff, to answer a hypothetical question as to the cause of plaintiff's injury. The question undertakes to sum up all of the evidence and covers two and a half pages of the abstract. It is objected to because it assumes facts not proven and includes facts that were different from the evidence offered.

■ In Bennett v. Myres, Mo.App., 21 S.W.2d 943, decided by this court, it was held that hypothetical questions not predicated upon the testimony which assumes that facts existed that the evidence did not show was error, citing Root v. Kansas C. So. R. Co., 195 Mo. 348, 92 S.W. 621, 6 L.R.A.,N.S., 212; Schulz v. St. Louis-San Francisco R. Co., 319 Mo. 8, 4 S.W.2d 762.

■ Following this rule the question asked did contain statements of evidence which were not proved and evidence different from that shown by the record. The trial court should have sustained the objection and required plaintiff's counsel to reframe it according to the evidence. However, the trial court did aid the question by requiring additional statements to be made before it was answered by the doctor. While we hold that the objection raised here is well taken and there was error, yet, we think that this error can be properly taken care of on a retrial of the case.

Judgment reversed and remanded for a new trial.

STONE and RUARK, JJ., concur.