**Charles KRAFT (Plaintiff), Respondent,**

v.

**Marion ARMENTROUT and John Edward Wilson (Defendants), Appellants.**

**No. 22095.**

Kansas City Court of Appeals.

Missouri.

Feb. 7, 1955.

H. K. West, Brookfield, for appellants.

Merrill & Wheeler, Keytesville, for respondent.

CAVE, Presiding Judge.

This is an appeal by defendants from a judgment in the amount of $462.88, rendered in favor of plaintiff in an action for damages to plaintiff's automobile, arising out of a collision between plaintiff's automobile and a truck belonging to Armentrout and driven by Wilson.

A jury was waived and the cause tried before the court. We shall review the case upon both the law and the evidence as in a suit of an equitable nature. We may not set aside the judgment unless it is clearly erroneous and we must give due regard to the opportunity of the trial court to judge of the credibility of the witnesses. Section 510.310(4) RSMo 1949, V.A.M.S.

The petition alleged nine grounds of primary negligence. The answer denied the allegations of the petition, and alleged certain grounds of contributory negligence. The only point raised by defendants on this appeal is that plaintiff was guilty of contributory negligence as a matter of law in that he attempted to pass defendants' truck at an intersecting highway in violation of Section 304.020(5) RSMo 1949, V.A.M.S. It should be noted that this section was repealed effective August 29, 1953. (See Laws 1953, page 587.) However, the statute was effective at the date of the collision involved. The material part of that section provides (5): "An operator or driver of a vehicle overtaking another vehicle going in the same direction and desiring to pass the same shall pass to the left of the vehicle so overtaken; * * * and provided further, that no operator or driver shall pass a vehicle from the rear at the top of a hill or on a curve where the view ahead is in any way obscured *or while the vehicle is crossing an intersecting highway. * * *"* (Italics supplied.)

The evidence discloses that about 2:30 p. m. on February 12, 1953, plaintiff, a resident of Overland, Kansas, who was a traveling salesman, was driving his automobile in a westerly direction on Highway 24 between Salisbury and Keytesville, in Chariton County. Highway 24 is paved with concrete, two traffic lanes in width, and for a considerable distance east and west of the point of collision is level and extends almost due east and west. There is a gravel road connecting with Highway 24 in the form of a "T", and extending to the south. Such a connection constitutes an "intersection". Section 301.010(6); Brumback v. Simpson, Mo., 247 S.W.2d 635. The collision which gives rise to this suit occurred at this intersection.

Plaintiff was operating his car about 50 or 60 miles an hour and observed two trucks in front of him, both going in the same direction he was traveling, and that they were about 40 or 50 yards apart. He passed the first truck in safety, and sounded his horn to pass defendants' truck, which was on its right side of the center line. When plaintiff was within 30 or 40 feet of this truck, the driver, without signal or warning, turned sharply to his left to enter the gravel road to the south. Plaintiff stated that considering the proximity of the two vehicles, he could not stop, and turned his car onto the shoulder in an effort to pass the truck before the collision. The vehicles did collide approximately in the intersection.

There is no dispute but that plaintiff was passing defendants' truck at the intersection, and we need not detail the evidence on that issue. The question is, was plaintiff guilty of contributory negligence as a matter of law merely because he undertook to pass the truck at the intersection, regardless of any other facts and circumstances existing at that time?

The evidence on the surrounding circumstances is meager and not as well developed as it should have been. It does appear, however, that the gravel road leading to the south was about 12 or 14 feet wide, and referred to by some of the witnesses as a "lane" which led to and beyond a chicken farm, about a quarter of a mile south of Highway 24. Plaintiff said that he did not know the gravel road was there until defendants' truck started to turn to the left into it; that after the collision he made observations and determined that the grav-

el road could be seen from a point about 150 feet east. Highway Patrolman Dillinger stated "there is nothing to show the intersection is there", but that it could be observed from a point about two hundred feet east of the intersection and that a person actually looking for the intersection and intending to turn, could probably see it three to five hundred feet. This is the extent of the testimony relative to the surrounding circumstances. There is no evidence that plaintiff had ever traveled this highway before.

In Egan v. Palmer, 221 Mo.App. 823, at page 829, 293 S.W. 460, at page 463, we discussed this section, and said: "The statute must be given a reasonable construction and should not be interpreted so as to unnecessarily produce harsh and unreasonable results or be construed so as to result in absurdity or impose unnecessary burdens and those not intended by the lawmakers." (Citing several Missouri decisions.) The facts in that case were different from the facts in the instant case. However, it is authority for the proposition that the passing of another vehicle at an intersection is not contributory negligence as a matter of law under any and all circumstances. In Brown v. Raffety, 234 Mo.App. 620, 136 S.W.2d 717, 720, the Springfield Court of Appeals held that a plaintiff was guilty of contributory negligence for undertaking to pass another vehicle at an intersection because he "was well acquainted with the locality and had actual knowledge of the intersecting highway. He also knew the appellant (defendant) and knew that she lived in that neighborhood and would probably turn into the intersecting highway. Therefore, under such facts, it is our opinion that the statute applied to the respondent. Whether it would apply where the party seeking to pass did not know of the highway because it was obscured from view or was a mere side road with nothing to indicate its existence, or whether it would apply to all alleys in a city, we are not called upon to decide in this case, and hence do not attempt to do so." The facts in that case clearly distinguish it from the instant case.

In Purdy v. Moore, Mo.App., 224 S.W.2d 838, the St. Louis Court of Appeals had under consideration a set of facts bringing in issue this section, and held that the plaintiff was guilty of contributory negligence in undertaking to pass a truck at a certain intersection. It appeared in that case that the plaintiff was familiar with the highway and had made six round trips over it that day, but contended that he did not know the intersecting highway from the north extended across and to the south of the main highway, and that he could not see it because it was overgrown with weeds and brush. The court said that because plaintiff knew there was an intersecting road from the north, it would put him on his guard to observe whether it extended on to the south and that he could not excuse himself, under the statute, by saying he did not know the crossroad was there.

These are the cases cited by the parties in their briefs. The facts in Brown v. Raffety and Purdy v. Moore clearly distinguish and make them inapplicable in the present case. We call attention to many cases cited under Section 304.020, key numbers 110 and 112, which discuss various violations of this section and many hold that under the facts of each particular case the question of contributory negligence is for the jury.

It is our conclusion that under the evidence in this case, it cannot be said that the plaintiff was guilty of contributory negligence as a matter of law. The trial court resolved that issue in favor of the plaintiff, and we cannot say it is clearly erroneous.

It is undisputed that defendant Wilson, the driver of the truck, did not give any signal of his intention to turn to the left and that such failure was negligence. We need not further elaborate on that issue.

The court did not err in overruling defendants' motion for judgment at the close of all the evidence.

The defendants also contend that plaintiff's interest in the damage to his automobile was only $100, instead of to the

full amount of the conceded damage of $462.88. Their argument is based on the fact that during the cross examination of the plaintiff, he was asked if his insurance company had paid all but $100 of the damages and he stated that such was the fact. However, the answer raised no such issue, and what the rights of the plaintiff and his insurer are cannot be determined from the meager record, or whether the defendants have any right to question the proper recipient of the amount of damage recovered. They cite General Exchange Insurance Corporation v. Young, 357 Mo. 1099, 212 S.W.2d 396. In that case the car owner had *assigned her entire claim* of damages to her car to her insurance company, and that company sued the defendant whose negligence had caused the damage. Thereafter, the car owner sued the defendant for her personal injuries and settled that case by giving the defendant a release in full for all of her damages. The question raised by the pleadings and by the evidence was whether the cause of action had been split and thereby defeating the insurance company's claim on its subrogation assignment. The court held it would not. However, the pleadings and facts in that case make it inapplicable to the point which the defendants now seek to raise in this case.

We decline to speculate on what the interests of the various parties are or might be in the judgment.

The judgment is affirmed.

All concur.