**Idus HILL, Plaintiff-Appellant,**

v.

**John TORREY, Defendant-Respondent.**

No. 22924.

Kansas City Court of Appeals.

Missouri.

Feb. 2, 1959.

William Y. Frick, Unionville, for appellant.

Clare Magee, Unionville, for respondent.

CAVE, Judge.

This is an action for damages for personal injuries resulting from the collision of plaintiff's and defendant's motor vehicles. Trial to a jury resulted in a verdict and judgment in favor of the plaintiff in the amount of $1,500. Thereafter, the defendant filed motion for judgment in accordance with his motion for directed verdict offered at the close of all the evidence. The court sustained that motion and entered judgment for defendant on the sole ground that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff perfected his appeal.

There are certain issues conceded: (a) that the defendant was negligent in certain respects hereafter mentioned; and (b) that the plaintiff was the owner of the automobile in which he was riding and being driven by his son, Paul Hill; that plaintiff and his son were on a joint mission or enterprise at the time of the collision; and that the negligence, if any, of the son is imputable to the father, plaintiff.

 The rule is well established that negligence does not become a question of law alone, unless the acts on which its existence depends are of such character that all reasonable men would concur; and where a verdict is directed for the defendant, the appellant plaintiff is entitled to have the evidence reviewed on appeal in the light most favorable to him. Cohagan v. Laclede Steel Co., Mo., 317 S.W.2d 452, 453.

The evidence stated in the light most favorable to the plaintiff is to the effect that on December 6, 1957, between 5:30 and 6:00 P.M., Paul Hill, the son, was driving his father's car eastward along U. S. Highway 136, and his father was sitting beside him. It was sufficiently dark that the lights of his car were on. The speed of the car was between 40 and 45 miles per hour. The collision occurred on a straight and level section of the highway, which was 22 feet wide, and of concrete.

The son testified that he noticed an object on the road some distance in front of him and as he approached, he saw it was a tractor pulling a wagon; that the rear lights of the tractor were on and it was traveling in the same direction as plaintiff, at eight to ten miles per hour, and on its proper side of the highway. As he approached the tractor, intending to pass, he blinked his car lights several times; that the driver of the tractor waved to him; that he did not sound his horn; that he turned to the left lane of the highway for the purpose of passing the tractor, which he did safely; that when

he was at about the front end of the tractor, he saw, *for the first time,* defendant's pickup truck, about 60 feet in front of him; that the pickup was being turned to its left and across the highway immediately in front of him; that the lights of the pickup were not on; and that the collision occurred almost immediately.

The defendant admitted that the rear lights of his pickup truck were not on because they had been damaged and would not function; and also admitted that he turned to his left across the highway in front of plaintiff's car without giving any signal of his intention so to do. However, defendant testified that his pickup was 600 or 700 feet in front of the tractor-wagon unit instead of 60 feet, as testified to by the plaintiff; that the window next to him was down about 5 inches; that he was not "hard of hearing"; and that he did not hear plaintiff sound his horn, but that he did see two headlights approaching which he thought were the tractor lights.

The issue of contributory negligence was submitted by the defendant on the theory that plaintiff's driver did not "sound his horn before starting to pass *the pickup truck* driven by the defendant;" that such failure, if so, was a violation of Section 304.016, subd. 1(1), V.A.M.S. 1957 Cumulative Supplement, constituting negligence "within itself"; and if such negligence directly contributed to cause the collision, then the plaintiff could not recover. Certainly the evidence would support the submission of contributory negligence, but we are confronted with the question whether plaintiff was contributorily negligent as a matter of law, not whether the jury could have so found.

In deciding the question of contributory negligence as a matter of law, we must accept plaintiff's evidence as true, and give him the benefit of all inferences reasonably to be drawn therefrom. Thus it must be accepted that defendant's pickup was approximately 60 feet in front of the tractor-wagon and without lights; that plaintiff's

driver did not know of the location of the pickup until he was within about 60 feet of it, travelling at approximately 45 miles per hour; that at that time, the defendant had turned the pickup to the left and across the highway in front of plaintiff; and that the plaintiff's driver did not sound the horn before passing the tractor-wagon.

■ Defendant contends that the failure of plaintiff's driver to sound the horn before passing the tractor-wagon is a violation of Section 304.016, subd. 1(1), supra; and is negligence per se. The cases so hold. See Larsen v. Webb, 332 Mo. 370, 58 S.W.2d 967, 970, 90 A.L.R. 67; and Fuller v. Baxter, Mo.App., 284 S.W.2d 66, 68. But these cases and many others hold that the mere violation of a traffic statute does not, in itself, require a finding of negligence as a matter of law. In fact it has been held that mere evidence of the violation of an ordinance or statute is not in itself sufficient to make even a case of *actionable negligence,* unless facts are also shown from which it could be found that the violation was the proximate cause of the injury. Dickerson v. St. Louis Public Service Co., Mo.App., 271 S.W.2d 201, 203, and cases cited.

It has been held many times that the issue of proximate cause is ordinarily a jury question; and in determining what constitutes proximate cause, the same principles apply whether the alleged negligence was a violation of a statutory duty or the violation of some duty under general principles of law. Larsen v. Webb, loc. cit. 970, supra; Young v. Wheelock, 333 Mo. 992, 64 S.W. 2d 950; Curtis v. Fruin-Colnon Contracting Co., 363 Mo. 676, 253 S.W.2d 158; Cade v. Atchison, T. & S. F. Ry. Co., 364 Mo. 620, 265 S.W.2d 366, 369.

Thus the fundamental question for decision by the trial court and this court is whether it can be said as a matter of law that if plaintiff's driver had sounded the horn before passing the tractor-wagon, the collision with the pickup would not have occurred. Under the peculiar and unusual

facts in this case, we are unwilling to so hold.

■ Certainly the defendant had violated the rules of the road and was negligent in operating the pickup without lights and turning it to the left and across the highway without signaling. He also knew of the location of the tractor-wagon unit, and that it would obstruct the view of an approaching vehicle of the position of the pickup on the highway. Whether, if the plaintiff's driver had sounded his horn, the warning would have been heard by the defendant; and whether the pickup was then in a position on the highway that the defendant could change the course thereof in time to avoid the collision, are such facts, in our opinion, as to require the submission of the issue of proximate cause to the jury. That issue was submitted, and the verdict went against defendant.

■■ Certainly, the speed of plaintiff's car, under the circumstances, cannot be held contributory negligence as a matter of law. It is common knowledge that cars are driven 40 or 45 miles or more per hour in passing other vehicles on the highway where the road is straight and level, as here, whether it be daylight or dark.

We have considered the authorities cited by the defendant, all of which announce the accepted rule that a violation of a traffic statute or ordinance is negligence per se. But we do not consider such authorities controlling under the facts in the instant case. Some of such authorities are Rader v. David, Mo.App., 207 S.W.2d 519; Devine v. Barton, Mo.App., 22 S.W.2d 877; Brown v. Raffety, 234 Mo.App. 620, 136 S.W.2d 717.

It is our opinion that the trial court erred in setting aside the verdict and judgment for plaintiff and entering judgment for the defendant. For this reason, said judgment is reversed and the cause is remanded with directions that the original verdict and judgment be reinstated as of the date of said verdict. It is so ordered.

All concur.