**Bessie MARTIN, Plaintiff-Respondent,**

v.

**ST. LOUIS PUBLIC SERVICE COMPANY,
a corporation, Defendant-Appellant.**

No. 31288.

St. Louis Court of Appeals.
Missouri.

May 21, 1963.

Don R. Williams, L. F. Stephens, St. Louis, for appellant.

Murphy & Roche, Byron A. Roche, St. Louis, for respondent.

BRADY, Commissioner.

This appeal results from a judgment for $5,000.00, entered after jury trial, in an action for personal injuries. The allegations of prejudicial error deal with the verdict-directing instruction only and the factual situation stated herein will be limited to that issue. The parties will be referred to by their designation in the trial court.

The plaintiff had been shopping and came out of the store and entered a taxicab parked at the curb on the east side of Seventh Street, a one-way street in the City of St. Louis running in a generally northwardly and southwardly direction. Plaintiff seated herself in the back seat at the curb side and her daughter took her seat at the other side of the back seat with plaintiff's grandson standing between the front and back seats. After the taxicab driver had opened the rear door so they could take their seats, he closed it and opened the front door on the curb side but because of the weight of the passengers or the height of the curb the door wouldn't open far enough to get the shopping bags handed him by the plaintiff and her daughter into the taxicab. He then closed that door and went to the front door on the street side of the taxicab, opened it, and placed the shopping bags on the front seat. When he did so, one of the bags fell over and emptied onto the floor of the taxicab. With his feet on the street and the taxicab door "somewhat opened," the taxicab driver leaned across the front seat to reach the contents of the bag on the floor. When she first entered the taxicab the plaintiff had looked over her left shoulder and saw a motorbus stopped in the traffic behind the taxicab. The plaintiff asked her daughter to lock the door on the daughter's side and, as she asked her to do so, plaintiff glanced up and to the back, saw the motorbus and saw it "wasn't straight." She felt a sudden jolt and the taxicab " * * * came up and went down, I guess you'd call it tipped" and it felt as if it was going to turn over. The taxicab driver " * * * raised up and asked what happened * * *." Plaintiff's daughter actually saw the defendant's motorbus passing the taxicab as she was locking the door and she stated " * * * he was going in toward the curb." She also testified she saw the rear end of the motorbus strike the partially open taxicab door. She heard no sound or signal from the motorbus before the accident. The taxicab door was open at least far enough for the driver to have his legs inside it, but she did not know how far it was open.

The defendant's driver, insofar as his testimony is available to plaintiff to aid her case, testified that the entire block on Seventh Street is a motorbus stop; that he was in the same lane (next to the east curb) as the taxicab as he approached and then pulled westwardly into the next lane; and that it was his intention to pull into the curb in front of the taxicab. He testified that he saw that the edge of the taxicab door was "Approximately a foot and a half, two feet" out from the side of the taxicab. He heard a noise at the rear of the motorbus and found a dent behind the dual rear wheels on the right-hand side of the motorbus about four or five feet from the rear of the motorbus. He found the left front door edge of the taxicab bent forward from

the bottom of the door window downward. He had no recollection of sounding a signal.

The taxicab driver's testimony need not be extensively dealt with here. His testimony adds nothing new to the pertinent factual situation.

We are not to be understood as in any way approving of the form of Instruction No. 1, but a clear understanding of the issues require that the submission portion thereof be set forth. It is in the disjunctive and in the following form:

"* * * and if you further find that the operator of said motorbus, in failing to sound a signal or warning of the close proximity of said motorbus to said taxicab, if so, or in so turning said bus to the right while the right side of said bus was west of the left side of said taxicab, if so, failed to exercise the highest degree of care in the operation of said motorbus and was negligent, and that such negligence, if any, caused or contributed to cause the collision between the said motorbus and said taxicab and caused or contributed to cause plaintiff to sustain bodily injuries * * *."

The defendant contends that the trial court prejudicially erred in giving Instruction No. 1 and assigns as reasons therefor: "(A) There was no substantial evidence to support a finding that failure to give a warning could have been the cause of the occurrence"; "(B) The instruction permitted a finding of negligence without requiring a finding that such alleged negligence was the direct cause of the alleged injury"; and "(C) The jury was permitted to find * * * that the negligence of the defendant caused or contributed to cause the injury. Under the theory and the evidence upon which plaintiff submitted her case, the negligence of the defendant could only have been the sole cause of the occurrence. It was improper to permit the jury to find that such alleged negligence was a concurrent cause. It presented a

false issue, was inconsistent and therefore was confusing and misleading."

It has been held many times that the issue of proximate cause is ordinarily a jury question, Hill v. Torrey, Mo.App., 320 S.W.2d 594, l. c. 596, provided there is evidence from which the jury could reasonably infer that a warning could have resulted in the accident being avoided. "* * * The test is not whether a reasonably prudent person would have foreseen the particular injury but whether, after the occurrences, the injury appears to be the reasonable and probable consequences of the act or omission of the defendant. * * *" Floyd v. St. Louis Public Service Company, Mo., 280 S.W.2d 74 at [8–10] p. 78.

It has been held that the purpose of a warning signal is to give notice of the approach of a vehicle and that, as stated in Steigleder v. Lonsdale, Mo.App., 253 S.W. 487 at [2] p. 489, "* * * where the injured party has sufficient and timely notice of the approach of a car or a vehicle, the failure to give notice by sounding a gong or ringing a bell cannot be the proximate cause of the injury. (Citing cases.)" However, even where one sees the automobile and thus has notice of its approach, the failure to give a warning can be the proximate cause unless (Steigleder v. Lonsdale, supra, 253 S.W. at [3] p. 490) he has all the notice that the warning would have given him. In that case, proximate cause was held a jury question even where the automobile was seen approaching because "* * * if a signal had been given further to the east to attract the attention of plaintiff and Moresi, and to advise them that the truck was coming at a dangerous rate of speed, they could have governed themselves accordingly." Thus in McKinney v. Bissel, Mo.App., 263 S.W. 533 at [5] p. 535, it was held:

"* * * But, if the view which she had of the approaching car did not afford her timely notice of its approach, or if the sounding of a signal would

have given her the additional information that the car was near at hand and coming at a rapid rate of speed, then it was a question for the jury as to whether or not such failure to warn was the cause of plaintiff's injury. * * *"

In Berryman v. People's Motorbus Co. of St. Louis, 228 Mo.App. 1032, 54 S.W.2d 747, plaintiff had disembarked from a street car and was standing in the street awaiting an opportunity to cross. His testimony was that as he was standing there a motorbus approached and that, as the front of the motorbus reached the plaintiff, it swerved to the west or into the curb. As it did so, the plaintiff was struck by the side of the motorbus. The plaintiff submitted on failure to warn as in the instant case and the defendant, on appeal, raised the same contention presented in the instant case; i. e., that failure to warn could not have been the proximate cause. The court found for the plaintiff on this issue, stating:

"* * * In this situation the jury might have found that, had the driver of the bus sounded a timely warning before he changed the direction of the bus, plaintiff being thus warned, could have avoided being struck. Banks v. Morris, 302 Mo. 254, loc. cit. 266, 257 S.W. 482."

Certiorari proceedings were brought, State ex rel. St. Louis Public Service Co. v. Becker, 334 Mo. 115, 66 S.W.2d 141, and the holding of this court was affirmed.

■ In the instant case as in the Berryman case, the issue was as to a causal connection. The essential factual situation is the same. In the Berryman case, it was held that a factual situation existed whereby the jury could find a causal connection between failure to warn and the collision and injuries. We hold here that where the motorbus driver, while at least 100 feet or slightly over 14 seconds away (traveling at 5 miles per hour, the speed most favorable to the plaintiff), saw the taxicab with

its door opened and extending two feet out from the side of the taxicab and the driver of the taxicab in the position described in the evidence, and then having the intent to swerve out from the same lane as the taxicab was in passing the taxicab and then turning back into the curb ahead of it, a factual situation was created whereby the jury might reasonably have found a causal connection between failure to warn the taxicab driver and the collision and the resultant injury to the plaintiff. Several inferences were available to the jury, such as the plaintiff hearing and warning and in turn warning the taxicab driver to pull in his feet and shut the door, or the driver hearing the warning himself and doing so. The exact means whereby the accident would have been avoided need not be hypothesized. All that is necessary is that there be evidence from which the jury could reasonably infer that a warning could have resulted in the avoidance of the accident. Hill v. Torrey, supra. It is true, of course, that the sounding of the horn would not warn that the motorbus driver intended to turn into the curb after passing the taxicab. However, that would seem generally true in warning cases and was so in Berryman v. People's Motorbus Co. of St. Louis, supra. The sounding of a warning cannot tell one hearing it exactly what action is contemplated. In essence, all a warning can do is to announce that a dangerous condition is being created and to tell the one for whom the warning is intended to exercise even more caution than usual, or to immediately act in a manner that will extricate him from such a condition already created. The instruction requires a finding of a causal connection between the failure to warn and the collision and injuries. This was the final fact the jury was required to find; there being evidence to support such a finding, under the facts of this case and the defendant's contentions, it need not have spelled out in the instruction just how the failure to warn could have resulted in avoidance of the accident and injuries.

■ In its second attack upon the instruction, it is the defendant's contention (again using the language from its brief) that "* * * plaintiff's failure to require a finding of direct causation was prejudicially erroneous." There was absolutely no issue raised at this trial nor contention advanced that plaintiff in any way contributed to cause the accident and her injuries. Under the factual situation here present, only the acts of the defendant and those of the taxicab driver could have been the cause of her injuries. Instruction No. 6, a concurring negligence instruction, was given to negate any contention by the defendant that even if found negligent it should not be held responsible if the taxicab driver was also negligent. This instruction used the word "directly" before the words "contributed to cause."

Giambelluca v. Missouri Pac. R. Co., Mo., 320 S.W.2d 457, l. c. 469, directly rules this point adversely to the defendant's contentions. In the instant case, the evidence excluded any remote acts of negligence from the jury as did the wording of the instruction in the findings therein required of the jury; and while it would have been better form to do so, Giambelluca v. Missouri Pac. R. Co., supra, it was not prejudicial error to fail to use the words "proximately" or "directly" in the manner defendant urges.

■ The third attack upon the instruction presents the defendant's contention (seemingly contrary to that advanced in its second attack) that, in the words of its brief, "* * * Under the theory and the evidence upon which the plaintiff submitted her case, the negligence of the defendant could only have been the sole cause of the occurrence * * *" and the inclusion of the words in the instruction referring to a concurrent cause presented a false issue,

was confusing and misleading to the jury, and was therefore prejudicially erroneous. There is no merit in this contention. This is not a situation where there was submitted two inconsistent theories of plaintiff's case as in Pijut v. St. Louis Public Service Co., Mo., 330 S.W.2d 747. In that case, as the opinion states, on plaintiff's own theory of the facts it was "difficult if not impossible" to conceive of any basis for the concurring negligence. This is not true in the instant case. Here the act of the taxicab driver in having the door open into an oncoming lane of traffic on a busy one-way street while he was unable to view any oncoming danger is an act which the jury could well have considered negligent. It was, therefore, necessary for the plaintiff to make clear to the jury that the acts of the taxicab driver, even if considered negligent, would not warrant a verdict in defendant's favor if the jury also found the defendant's driver to have been negligent. This purpose was probably accomplished by Instruction No. 6 and it might have been well not to have also covered the same ground in the verdict-directing instruction; or, if it was included in Instruction No. 1, it may well have been left out of Instruction No. 6. In any event, we cannot agree that covering the matter in both instructions, under the factual situation presented by this case, was reversible error.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is affirmed.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.